240 So.2d 480 (1970)
STATE of Florida, On the Relation of Autley CARTY, by His Mother, Eudean Carty, On His Own Behalf and On Behalf of All Others Similarly Situated, Petitioner,
v.
E. Wilson PURDY, As Sheriff and Director of Public Safety of Metropolitan Dade County, Florida, His Agents, Servants and Employees, Respondent.
No. 40211.
Supreme Court of Florida.
October 7, 1970.
Rehearing Denied November 24, 1970.
Bruce S. Rogow, Miami, for petitioner.
Earl Faircloth, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioner here seeks to compel respondent sheriff, his agents, servants and employees to comply with the mandatory requirements of Fla. Stat. §§ 901.06 and 901.23 (1969), F.S.A. requiring that persons arrested with or without a warrant be presented before a magistrate "without unnecessary delay" for a hearing as authorized by Fla. Stat. Ch. 902, F.S.A. Petitioner, a minor, through his mother purports to represent a class composed of all persons arrested by respondent Purdy and his agents who, upon arrest, are not being presented to a magistrate in violation of the above statutes.
The pleadings establish that the petitioner was arrested August 20, 1970, taken into custody, booked into the Dade County jail, and released into his mother's custody at a special bond hearing on the following day. On the day of filing for issuance of an alternative writ of mandamus, he had not yet been presented to a magistrate pursuant to the aforementioned statutes.
On the 21st day of September, 1970, the day of the oral presentation of this cause, the petitioner through his attorney filed here an affidavit advising the Court that a preliminary hearing had been accorded petitioner September 17, at which time the charges against petitioner were dismissed and that he was no longer in custody. Under such circumstances, there is no purpose to be served by this Court ordering the issuance of the alternative writ. The application therefor is hereby denied.
*481 This case again brings to this Court's attention the failure of the law enforcement officers of this state to observe the requirements of these statutes which have been part of the statutory law of this state for many decades. The sanctions we have heretofore imposed and the pointed criticism that we  and the Attorney General of Florida  have made of law enforcement officers for failure to comply with these statutes have obviously been ineffective. Therefore we now approve and adopt as the views of this Court the following excerpt from the dissenting opinion of Mr. Justice Drew in Dawson v. State, 139 So.2d 408, 422 (Fla. 1962):
"The right of a free man to be presented to a sworn judicial officer promptly upon his arrest is not a technical or trivial right. Such rights are the bedrock of our liberties and have grown out of mankind's experiences over hundreds of years. These rights are so fundamental in our concept of justice that they are embodied in the written laws of every state in this nation. I cannot accept the proposition that the lawmakers, in enacting statutes such as these, ever intended that the positive mandate of immediate presentment could be ignored by the public officials if the evidence showed the ultimate product to be otherwise voluntary. Practical men know that the question of whether a confession is freely and voluntarily made is determined by weighing the evidence produced by those who obtained the confession and are responsible for it. Every person who can read is familiar with the methods used in some areas of the world to obtain confessions. The methods there used have become commonly known as brainwashing. We have not applied that definition in this country but the evidence revealed by the record in this case makes it rather difficult to distinguish what has happened here from what often happens there. The mandates of the written law are as clear as the noon day sun and it certainly is imposing no hardship upon the sworn officers of the law to require their adherence to it.[13] Moreover, prompt adherence to the requirements of the law in every instance would add immensely to the validity of a confession thereafter obtained and would remove from the minds of the judge and jury many of the doubts and uncertainties so often present in these cases.
[13] See opinion of the Atty. Genl., State of Florida, No. 061-128, August 8, 1961."
In the specially concurring opinion of Mr. Justice Thornal in Dawson v. State, supra, the McNabb-Mallory Rule [See McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1942)] was discussed, and he pointed out that such rule was not applicable to confessions obtained by Florida law enforcement officers. We deem it appropriate  and timely  to observe here that we can no longer countenance a continual and, it seems, deliberate course of conduct designed to frustrate not only the clear legislative mandate but the decisions of this Court in this area. We could, of course, adopt the McNabb-Mallory Rule, or even expand it. Such action may be compelled by a continuance of this conduct. If it is and if the courts are then required to order the release of obviously guilty criminals, the responsibility will then be on those who have failed in their duty to enforce the laws as written by the Legislature and interpreted by this Court.
We further point out that violation of the law or misconduct in office may well warrant drastic action by the Chief Magistrate of this State.
ERVIN, C.J., and ROBERTS, DREW, ADKINS and BOYD, JJ., concur.