248 So.2d 515 (1971)
Roosevelt Stride "Teddy" JACOBS, Appellant,
v.
STATE of Florida, Appellee.
No. N-289.
District Court of Appeal of Florida, First District.
May 25, 1971.
Louis O. Frost, Jr., Public Defender, Gerald Sohn and Bartley K. Vickers, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., William W. Herring and Thomas B. Calhoun, Asst. Attys. Gen., for appellee.
MELVIN, WOODROW M., Associate Judge.
On December 24, 1969, the Appellant, Roosevelt Stride (Teddy) Jacobs, hereafter referred to as the Defendant, was arrested by a member of the police department of Jacksonville as a suspect in connection with a pending investigation of a homicide and was placed in jail. After being detained in jail for six days, the Defendant was asked by a sergeant if he didn't "feel like he needed an attorney." The inquiry of the officer and his new-found concern for the Defendant's welfare came a bit late. The record reveals that from the time Defendant, who has a fourth grade education, was placed in jail, until the time he finally had the benefit of the advice of his attorney, the officers obtained three separate statements from him. The Defendant was not carried before a magistrate until after his indictment on January 9, 1970. The State successfully offered the three statements in evidence at Defendant's trial, over the objections of his counsel. The remainder of the State's case was constructed upon circumstantial evidence.
The provisions of Section 901.06, Florida Statutes, F.S.A., relating to arrests with a warrant, and the provisions of Section 901.23, Florida Statutes, F.S.A., relating to arrests without a warrant, merge in a common command, addressed to those in whom the State has vested its great power to detain a citizen in confinement, that, without "unnecessary delay," the arrested person be brought before a committing magistrate, so that the Defendant may be, by a Judicial Officer advised as to the nature of the charge pending against him and advised as to the full extent of his rights.
In the case of Romanello v. State, 160 So.2d 529 (Fla.App.1st 1964), this Court rebuked the law enforcement officers for a four-day delay in presenting the Defendant before a magistrate. The Court further observed that the record did not cause it to appear that the delay resulted in the giving of the confession under attack.
*516 The Supreme Court of Florida, in Milton v. Cochran, 147 So.2d 137 (Fla. 1962), declared to the law enforcement officers that these statutes must be faithfully complied with, and gave this warning in clearest of words (text 141):
"However, we do not and we cannot condone the violation of said statutes as occurred in this case.
We would be derelict in our duty if we did not here point out that continued violation of these statutes are certain to result in the McNabb rule, or some version thereof, being adopted in this State or being imposed on our state courts by decisions of federal courts. Recent history promises this as an event reasonably to be expected."
In State ex rel. Carty v. Purdy, 240 So.2d 480, 481 (Fla. 1970), the Supreme Court of Florida adopted and approved as the views of that Court the following excerpt from a dissenting opinion of Mr. Justice Drew in Dawson v. State, 139 So.2d 408, 422 (Fla. 1962):
"`The right of a free man to be presented to a sworn judicial officer promptly upon his arrest is not a technical or trivial right. Such rights are the bedrock of our liberties and have grown out of mankind's experiences over hundreds of years. These rights are so fundamental in our concept of justice that they are embodied in the written laws of every state in this nation. I cannot accept the proposition that the lawmakers, in enacting statutes, such as these, ever intended that the positive mandate of immediate presentment could be ignored by the public officials if the evidence showed the ultimate product to be otherwise voluntary. Practical men know that the question of whether a confession is freely and voluntarily made is determined by weighing the evidence produced by those who obtained the confession and are responsible for it. Every person who can read is familiar with the methods used in some areas of the world to obtain confessions. The methods there used have become commonly known as brainwashing. We have not applied that definition in this country but the evidence revealed by the record in this case makes it rather difficult to distinguish what has happened here from what often happens there. The mandates of the written law are as clear as the noon day sun and it certainly is imposing no hardship upon the sworn officers of the law to require their adherence to it. Moreover, prompt adherence to the requirements of the law in every instance would add immensely to the validity of a confession thereafter obtained and would remove from the minds of the judge and jury many of the doubts and uncertainties so often present in these cases.'"
The Defendant was tried upon the indictment charging him with murder in the first degree. The Jury returned its verdict finding the Defendant guilty of murder in the second degree.
The ground is level before the Bar of Justice. In dealing with its citizens, the State of Florida must conduct itself with the same degree of rectitude as is required by the State of its citizens. Daniell v. Sherrill, 48 So.2d 736 (Fla. 1950). The State may take no pride in a judgment of conviction that is the product of uneven justice.
The officers investigating this case persisted in defiance of the clear mandate of the Legislature of Florida and refused to hear the clear warnings sounded by the Courts of this State. The result was the obtaining of three statements from the Defendant.
The law is certain. The duty of this Court is clear.
We now hold that the alleged statements referred to above are not competent evidence and that the presentation thereof to the jury shattered beyond repair this Defendant's basic right to a fair and impartial trial.
*517 The judgment and sentence appealed from is reversed, and a new trial is granted the Defendant.
WIGGINTON, Acting C.J., and RAWLS, J., concur.