Chief Judge Fuld.
A petition filed in the Family Court, Bronx County, alleged that, on March 12, 1970, Lawrence S., the respondent herein, had committed an act of sodomy upon an eight-year-old boy and robbed him of 43 cents. After a fact-finding hearing was held, a determination was made that he had committed acts which, if done by an adult, would have constituted the crimes of sodomy in the first degree (Penal Law, § 130.50) and robbery in the third degree (Penal Law, § 160.05). A dispositional hearing followed—in which the respondent was assigned a law guardian—and he was subsequently committed to a New York State training school for an initial period of 18 months, subject, as provided for by statute (Family Ct. Act, § 756), to yearly extensions until he reached 18 years of age. The Appellate Division unanimously affirmed the Family Court decision, and the appeal is before us as of right on constitutional grounds.
Upon the fact-finding hearing, during which Lawrence was present with his mother, the judge informed the mother that the boy was entitled to counsel and would be assigned an attorney if she could not afford one. To her question, “ do you really think that he needs a lawyer? ” the judge responded, “ I do not know ’ ’. When the mother then said that her son had ‘ ‘ pleaded guilty ” and that she “ would like for him to have psychiatric *208 treatment ”, the judge declared that he would “ accept that ” if she did not wish a lawyer and if the child would admit the charges. He then asked the boy, “ What do you say, son, yes? ” to which the boy replied, “ Yes, your Honor ”. The judge thereupon announced, ‘ ‘ Counsel is waived ’ ’ and, following a short interrogation, concluded, “ The boy admits allegations. Finding of fact is made.”
The respondent urges that a child charged with juvenile delinquency cannot constitutionally waive his right to counsel and, in effect, plead guilty. We find it unnecessary to reach or consider that question since the present record demonstrates that there was no intelligent or understanding waiver of such right by either mother or son.
Although one accused of crime, and that includes a minor, may ‘ ‘ intelligently and knowingly waive his * * * right to counsel either at a pretrial stage or at the trial ” (Escobedo v. Illinois, 378 U. S. 478, 490, n. 14; see, also, People v. R. N., 23 N Y 2d 963; People v. Harden, 38 Ill. 2d 559; but cf. People v. Stephen J. B., 23 N Y 2d 611, conditional habeas corpus writ issued sub nom. United States ex rel. B. v. Shelly, 430 F. 2d 215, modfg. and affg. 305 F. Supp. 55), the courts have become increasingly reluctant to accept such waivers unless made with sufficient awareness of the relevant circumstances and probable consequences. (See, e.g., Moore v. Michigan, 355 U. S. 155, 161-162; Von Moltke v. Gillies, 332 U. S. 708, 724; People v. Mulligan, 24 N Y 2d 948, 949; People v. Nixon, 21 N Y 2d 338, 344-345; People v. Seaton, 19 N Y 2d 404, 406.) “To be valid ”, the Supreme Court declared in the Von Molthe case (332 U. S. 708, 724, supra), ‘ ‘ such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.” And, with respect to a juvenile charged as a delinquent, the courts have imposed particularly strict requirements before permitting a waiver of his right to counsel. In such cases, a “ ‘ heavy burden ’ rests uppn the state to show a genuine waiver. ’ ’ (United States ex rel. B. v. Shelly, 430 F. 2d 215, 218, supra; see, also, McBride v. Jacobs, 247 F. 2d 595, 596; Shioutahon v. District of Columbia, 236 F. 2d 666, 670; United States ex rel. Brown v. Fay, 242 F. *209 Supp. 273, 278; cf. In re Gault, 387 U. S. 1; Matter of D. [Daniel], 27 N Y 2d 90.)
In the present case, the hearing judge made no attempt to ascertain whether the 13-year-old respondent understood, or was capable of understanding, the nature of the charges against him, the importance of having a lawyer or, indeed, what a waiver of an attorney entailed. More, he did not endeavor to find out whether either mother or son realized the penalty that might be imposed—institutionalization for upwards of five years—nor did he alert them to possible defenses, other mitigating factors or the desirability of having counsel. (Cf., e.g., United States v. Plattner, 330 F. 2d 271, 276.) Under these circumstances, we may only conclude that, where one found to be a juvenile delinquent has not intelligently and understandingly waived the benefit of counsel and where the circumstances show that his rights could not have been fairly protected without counsel, the Due Process Clause invalidates the finding of delinquency. (See Moore v. Michigan, 355 U. S. 155, 161, supra, involving a 17-year-old accused of crime.)
The order appealed from should be reversed and the matter remitted to the Family Court for further proceedings in accordance with this opinion.
Judges Burke, Scideppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, etc.