**UNITED STATES of America,**
**Appellee,**

v.

**Ronald Lee MILLER, Appellant.**

**No. 71–1826.**

United States Court of Appeals,
Fourth Circuit.

Jan. 19, 1972.

Roy G. Hall, Jr., Winston-Salem, N. C., on brief for appellant.

William L. Osteen, U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Senior Circuit Judge, and FIELD, Circuit Judge.

PER CURIAM:

Appellant, Ronald Lee Miller, was charged with Juvenile Delinquency in an information alleging violations of 18 U. S.C. §§ 5031–37, 1708 and 405, relative to possession of stolen mail and the forgery and uttering of United States Treasury checks. The appellant, who was fourteen years old at the time of the offense, was tried in the District Court and found to be a juvenile delinquent within the meaning of 18 U.S.C. § 5031, et seq. He was committed to the custody of the Attorney General for a period of four years.

Upon this appeal, Miller challenges the introduction into evidence of certain written and oral statements giv-en by him to D. G. Fore, a Postal Inspector, and additionally, contends that fingerprints and handwriting exemplars taken from him by the Postal Inspector were also improperly used in obtaining his conviction. The thrust of appellant's argument is that a fourteen year old boy is conclusively presumed to be incapable of waiving his rights to counsel as well as his other constitutional protections even though the record clearly shows that the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were given. The circumstances under which the statements were given and the exemplars and fingerprints were obtained are as follows: Mr. Fore, the Postal Inspector, went to the home of the appellant's mother on the evening of December 6, 1970, and was advised that the appellant was not present. He then asked appellant's mother to bring the youth to his office on the following morning. Since his mother was unable to attend the interrogation that next day, the appellant voluntarily came to Mr. Fore's office alone on the morning of December 7, 1970. When he arrived appellant was fully advised of his constitutional rights, including his right to counsel and his right to remain silent. After being so advised, Mr. Fore then handed appellant a printed waiver form which the juvenile read silently to himself and thereafter signed. After signing the form young Miller was again asked whether he fully understood his rights and he answered in the affirmative. He then gave the statement to Mr. Fore and also gave handwriting exemplars and permitted the inspector to fingerprint him.

In determining whether any individual, be he juvenile, or adult, has intelligently waived his constitutional rights, it is necessary to examine the totality of the circumstances. Each case is to be separately considered from the subjective viewpoint of the individual who is being questioned. Particularly when the suspect is a juvenile, he may not truly understand the rights about to be waived. The mere recital of the form of

official warning, or the presentation of a copy of the warning to be read, with no additional effort at clarification by the interrogating officer may not be enough in many cases to insure that a juvenile knows and understands the possible consequences of any statement he may make. Legal terminology such as the "right to counsel" or warnings that statements may be "used against you in court" should be carefully explained before accepting an affirmative answer to the bare question, "Do you understand your rights?"

In the absence of such clarification, the youngster's answer that he understands his rights and desires to waive them should not be given conclusive weight. The strange atmosphere of the investigator's office can be an overpowering influence on a young, inexperienced person, particularly if he is unaccompanied by counsel or other elder advisor. He may feel obliged to "waive" his rights when, in the absence of a friendly adult, he is confronted by an official who is in a position of authority and whose basic purpose, as judges should not overlook, is to probe for incriminating information, not to safeguard the suspect's rights.

Trial judges, who are obligated to determine the admissibility of a statement, must in their turn ascertain whether the suspect really understood the nature of the charges against him, the importance of having a lawyer, the potential uses of any statement he may make, and his right to remain silent. Escobedo v. Illinois, 378 U.S. 478, 486, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The New York Court of Appeals recently laid down this rule in a factually similar case. In re Lawrence, 29 N.Y.2d 206, 325 N.Y.S.2d 921, 275 N.E.2d 577 (decided Oct. 21, 1971) (13-year-old defendant). We are in accord.

While we are mindful, and indeed would emphasize, that the Government bears a heavy burden in establishing that an accused has intelligently waived his constitutional rights, it is our conclusion that this burden has been met in the present case and that the statements were properly admitted. We are not prepared to hold that a boy of fourteen is never capable of making an intelligent waiver of his rights. Although the age of the individual is a factor to be taken into account in ascertaining if the waiver was voluntary, no court has held that age alone is determinative. *See* Rivers v. United States, 400 F.2d 935 (5th Cir. 1968) (18 year old may waive right to silence); West v. United States, 399 F.2d 467 (5th Cir. 1968 (16 year old). The District Judge, who had an opportunity to observe the appellant, explicitly noted that the youthful defendant understood his rights and indeed had a better comprehension of them than many adults who appear before the court. There is nothing to indicate that appellant did not understand his rights and the record supports the observation and conclusion of the District Judge. The appellant had completed the seventh grade of school and was able to read, write, and understand the English language. There is no indication or assertion whatever that any promises or threats were made to the juvenile to induce him to give the statements in question. While a government interrogator should take more care than the Postal Inspector did to insure that the youngster did in fact intelligently waive his rights, in the circumstances of this case we are unable to conclude that the waiver was not voluntary.

The use of the fingerprints and handwriting exemplars was also proper. They were taken with the full consent of the appellant, after he had received his constitutional warnings, and were not obtained under duress or during a period of illegal detention, *cf.* Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1968).

Accordingly, we dispense with oral argument and affirm the decision of the District Court.

Affirmed.