274 So.2d 262 (1973)
STATE of Florida, Appellant,
v.
Jesse Obendale ROBERTS, Appellee.
No. Q-246.
District Court of Appeal of Florida, First District.
March 6, 1973.
Rehearing Denied March 21, 1973.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellant.
Brian T. Hayes, Tallahassee, for appellee.
SPECTOR, Chief Judge.
The State seeks review of a pretrial order granting the defendant-appellee's second amended motion to suppress a confession in a rape case.
*263 Defendant's first motion to suppress was denied. It was grounded primarily on two contentions. First, it was urged that the confession was invalid because it was taken prior to the delivery of the defendant, a 16-year-old minor, to the juvenile court as provided by Section 39.03(3), Florida Statutes, F.S.A. Second, it was urged that the confession was not voluntary. The latter contention was rejected by the trial court subject to the jury's consideration of the confession under proper instructions.
The court also rejected the remaining claim that the confession must be suppressed for failure to comply with the provisions of Section 39.03(3). In so ruling, the court reasoned that the cited statute was related to Sections 901.06 and 901.23, Florida Statutes, F.S.A., requiring persons arrested with or without a warrant to be presented before a magistrate "without unnecessary delay" for a hearing. Noting that the Florida Supreme Court had not, as of then, adopted the McNabb-Mallory rule which applies in federal prosecutions, the court below initially declined to suppress the confession. Though the court denied that motion, it did recognize that the State Supreme Court in State ex rel. Carty v. Purdy, Fla., 240 So.2d 480, indicated that it was on the verge of adopting the federal McNabb-Mallory rule as the prevailing law of this State. Thus, having found that defendant's statements were given voluntarily, the motion to suppress was denied.
Following the entry of the order of denial discussed above, the indictment against defendant was brought to trial and the case ended in a mistrial.
Some months later the defendant filed a second amended motion to suppress which resulted in the order of suppression that is the subject of this appeal. In support of the latter motion, the defendant asserted that this court in Jacobs v. State, 248 So.2d 515, and later the Supreme Court in Oliver v. State, 250 So.2d 888, [both Jacobs and Oliver were decided after the first denial of the motion to suppress], had finally adopted the McNabb-Mallory rule and therefore the confession now must be suppressed since it was made prior to taking the defendant to a committing magistrate, or in the case of this minor defendant, before the juvenile court pursuant to Section 39.03(3), Florida Statutes.
The order suppressing appellant's confession rests entirely on the McNabb-Mallory rule. It states as follows:
"... It is the view of the Court that the Oliver case has approved and applied the so-called McNabb-Mallory rule and that it is now the decisional law of this State as pronounced by its highest appellate court that any confession or admission of a defendant made to a police or other investigative officer subsequent to arrest and prior to being taken before a committing magistrate as required by F.S. 901.06 and 901.23 is deemed to be involuntary and inadmissible as a matter of law. The Court is further of the view that the same reasoning would apply when the defendant is a juvenile and made incriminating statements subsequent to being taken into custody and prior to being brought before the proper judge as required by F.S. 39.03(3). This conclusion seems to have been reached by the Third District Court of Appeal in the case of `In the Interest of A.J.A., a child, 248 So.2d 690'."
The prosecution contends that the interpretation given the McNabb-Mallory rule by the court below is erroneous. We agree. The order of suppression reflects the trial court's view that the subject rule precludes the use of any and all post-arrest premagistrate admissions. This is clearly evident in the following excerpt from the order appealed: "... any confession or admission of a defendant made to a police or other investigative officer subsequent to arrest and prior to being taken before a committing magistrate as required by F.S. 901.06 and 901.23, F.S.A., is deemed to be involuntary and inadmissible *264 as a matter of law." Even if McNabb-Mallory were the rule of this jurisdiction by reason of Section 901.06 and Section 901.23 and its analogous provisions to Federal Criminal Rule 5(a), it is clear that neither the rule of McNabb-Mallory, Rule 5(a), nor the cited state statutory provisions embody an absolute exclusionary reach. Both the federal rule and the state statutes require that a person arrested be taken before a magistrate "without unnecessary delay". Thus, by their own language, the federal rule and the state statutes contemplate the acceptance of some delay. Yet the order appealed herein holds that the rule under discussion is an absolute bar by deeming premagistrate confessions "involuntary and inadmissible as a matter of law".
When Rule 5(a) was adopted shortly after the McNabb case was decided, the Advisory Committee on Criminal Rules published a preliminary draft of what ultimately became the Federal Rules of Criminal Procedure that contained Rule 5(b), which provided a blanket prohibition against the admission in evidence of statements made by the defendant in violation of the rule. The exclusionary provisions of Rule 5(b) were approved by the Advisory Committee only by a very narrow margin. Holtzoff, Proposed Rules of Criminal Procedure, 1944, 3 F.R.D. 420, 424. The controversial nature of subdivision (b)'s exclusionary policy resulted in its omission from the final draft of the Advisory Committee, and it was not included in the rules as adopted by the United States Supreme Court. Federal Practice and Procedure, Wright, Vol. 1, page 67. It is apparent, then, that we cannot approve the blanket exclusion of appellee's confession on authority of the McNabb-Mallory rule since that rule does not have blanket application as was intended by the omitted subdivision 5(b).
That the federal rule was not intended to have automatic application is apparent not only from the Supreme Court's refusal to adopt the exclusionary feature of Rule 5(b) as proposed, but the same conclusion was articulated by the court in the Mallory decision, at 354 U.S. 449, 455, 77 S.Ct. 1356, 1359, 1 L.Ed.2d 1479, wherein the court said:
"The duty enjoined upon arresting officers to arraign `without unnecessary delay' indicates that the command does not call for mechanical or automatic obedience. Circumstances may justify a brief delay between arrest and arraignment as for instance, where the story volunteered by the accused is susceptible of quick verification through third parties. But the delay must not be of a nature to give opportunity for the extraction of a confession."
There is yet another cogent reason why the McNabb-Mallory rule is not now authority for the exclusion of appellee's confession without a showing of some impropriety by the police amounting to at least a modicum of coercion which had the effect of extracting appellee's confession involuntarily.
Simply put, it is that the controversial McNabb-Mallory rule has lost much of its vitality as a result of the equally controversial Miranda rule. The impact of Miranda on the McNabb-Mallory doctrine was adumbrated in Pettyjohn v. United States, 136 U.S.App.D.C. 69, 419 F.2d 651, 655 (1969), cert. denied 397 U.S. 1058, 90 S.Ct. 1383, 25 L.Ed.2d 676, in which the court stated:
"Appellant's second contention is that after his arrest he was not promptly taken before a United States Commissioner in violation of Rule 5(a) of the Federal Rules of Criminal Procedure as construed by Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). The standard applicable in this area of the law has been enunciated by the Supreme Court. In McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943), the court made it clear that officers of the law could not detain a person for unreasonable periods of time in an effort to obtain a confession *265 by a `third degree' method. Subsequently, Rule 5(a) was promulgated requiring that an arrested person be arraigned `without unnecessary delay.' The Court then held in Upshaw v. United States, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100 (1948) and Mallory that the `standard of "without unnecessary delay" implied no relaxation of the McNabb doctrine' (Mallory v. United States, supra, [354 U.S.] at 453, 77 S.Ct. at 1359).
"[6] Upon inspection of the record below, we find that appellant cannot prevail on his Mallory contention for two reasons. First, we disagree with appellant's claim that he has a right to be given his `warnings' by an impartial judicial magistrate despite the fact that he had already been informed of his rights by the police and had agreed to discuss the crime with them. We feel that appellant's argument here borders on the absurd. Surely the law does not allow a person to voluntarily discuss the crime to which he has just confessed for a period of some twenty minutes and then claim on appeal that the twenty minute period during which they spoke constituted a prejudicial delay in violation of his right to rapid arraignment. What appellant has lost sight of and what needs illumination in this area of the law is the interplay between Miranda and Mallory. We find that appellant, by validly waiving his Miranda right to silence and an attorney, and by agreeing to speak with the police, has thereby also waived any Mallory right to be brought before a magistrate `as quickly as possible.' Mallory, supra, at 454, 77 S.Ct. 1356. Indeed, we had occasion recently to articulate this limitation that Miranda has effected upon the earlier Mallory decision. In short, we held that [a] valid Miranda waiver is necessarily ... also a waiver of an immediate judicial warning of constitutional rights (footnote omitted.) (First and Third emphases by court)

"Thus, in this case, we hold that appellant waived any Mallory claim to immediate arraignment by voluntarily agreeing to speak with the police. Accordingly, appellant's statements, given during this period, were properly admitted into evidence."

Almost contemporaneously with the Pettyjohn decision, the Fifth Circuit Court of Appeals recognized the effect of Miranda on the McNabb-Mallory rule. In O'Neal v. United States, 411 F.2d 131 (C.A. 5th 1969), cert. denied 396 U.S. 827, 90 S.Ct. 72, 24 L.Ed.2d 77, the court said:
"Mallory was intended to insure that a suspect not be held for long hours of interrogation during which he had only his own personal stamina with which to resist an overbearing police barrage, and that if he were so intimidated the evidence thus gleaned could not be used at trial. With Miranda, however, came the decree that all persons taken into custody must be immediately warned of certain constitutional rights. Appellant was given these warnings. He knew he was entitled to counsel and that he need not speak to the officers at all. Knowing this, he chose to speak. How, then, can Mallory aid him? His detention before seeing the Commissioner, though delayed, caused him no harm."
Since appellee in the case at bar has admitted that he received the Miranda warnings, it is our view that the principles of McNabb-Mallory do not preclude the admission of his confession in evidence if the trial court adheres to its earlier view that it was voluntarily given.
We recognize that Sections 901.06, 901.23 and 39.03(3) are the statutes invoked by appellee, but, as held by the trial court, they are analogous to and should therefore receive a similar interpretation as is accorded Federal Rule of Criminal Procedure 5(a) by the federal courts in Pettyjohn, supra, and O'Neal, supra.
The above discussion of the impact of Miranda on the McNabb-Mallory rule and its correlative federal rule 5(a) is made necessary because the trial court rested its order of suppression thereon after holding that Oliver, supra, and Jacobs, supra, *266 adopted that federal principle as the law of Florida. Even if McNabb-Mallory is now the prevailing rule in Florida, and we do not so hold as will later appear, a statement given in violation of McNabb-Mallory is nonetheless admissible if Miranda warnings were administered prior to the statement or confession. Pettyjohn, supra, and O'Neal, supra.
And now, what of Jacobs and Oliver? Do those two cases adopt McNabb-Mallory as part of the jurisprudence of this State. We think not. And even if that were the prevailing rule, are we to hold, as did the trial court, that the rule if applied here is broader than it is applied in the federal system by giving force and effect to the proposed but rejected Rule 5(b) and its blanket exclusionary provision? Again, we think not.
In our view, neither Jacobs nor Oliver held unequivocally that McNabb-Mallory is now the law of Florida. The discussion of the circumstances in which the confession was taken in both cases reveals the concern of both courts that the totality of circumstances surrounding the taking of the confessions collided with the spirit and purpose of McNabb-Mallory, and therefore the voluntariness of the confessions was sufficiently doubtful so as to justify granting new trials.
In Jacobs, the defendant was detained for six days before he was haphazardly asked if he didn't "feel like he needed an attorney". He had a fourth grade education and by the time he had been afforded the benefit of counsel, three statements, all admitted in evidence, were taken from him by the police. Moreover, it was a full sixteen days before he was taken before a committing magistrate. It is clear that the tenor of this court's opinion in Jacobs was the totality of circumstances. Had the court intended to invoke the blanket exclusionary facet of McNabb-Mallory embodied in Rule 5(b) [proposed], the court simply would have stated that the reversal was required because a post-arrest premagistrate statement was admitted in evidence as did the court in the case at bar.
In Oliver, supra, the court did not reverse on the mere showing that a post-arrest premagistrate statement was admitted in evidence. There was no invocation of the blanket exclusionary rule as occurred in the case at bar. Rather, the Oliver court discussed and pointed out certain circumstances which when considered in their totality rendered the Oliver confession inadmissible as a matter of law. The court noted doubt as to whether the Miranda warnings were misunderstood; that the record suggested a coercive atmosphere at the time the statements were taken; questionable mentality of Oliver; and a dispute as to whether the Miranda warnings were properly given.
It must be noted that in the case at bar the confession in question has been held to be voluntary and was suppressed not on grounds of involuntariness but rather on the erroneous assumption that the McNabb-Mallory rule, vel non, required suppression.
A juvenile may, as a matter of law, intelligently waive his rights. Arnold v. State, 265 So.2d 64 (Fla.App. 1972). In Arnold, the court cited United States v. Miller, 453 F.2d 634 (4th Cir.1972), where the court stated at page 636 that:
"... [T]he Government bears a heavy burden in establishing that an accused has intelligently waived his constitutional rights[;] it is our conclusion that this burden has been met in the present case and that the statements were properly admitted. We are not prepared to hold that a boy of fourteen is never capable of making an intelligent waiver of his rights. Also though the age of the individual is a factor to be taken into account in ascertaining if the waiver was voluntary, no court has held that age alone is determinative. See Rivers v. United States, 400 F.2d 935 (5th Cir.1968) (18 year old may waive right to silence); West v. United States, 399 F.2d 467 (5th Cir.1968) (16 year old)... ."
*267 In Arnold, supra, at page 66, the court further stated:
"Cf.: In re Lawrence S., 29 N.Y.2d 206, 325 N.Y.S.2d 921, 275 N.E.2d 577 (1971). Thus, a juvenile may both assert and intelligently waive his rights. See also: Nash v. State, 477 S.W.2d 557 (Tex.Ct.Cr.App., released January 11, 1972) and Commonwealth v. Murphy, 219 Pa.Super., 459, 281 A.2d 685, 690 (1971), concerning the factors to be considered."
Hence, the determination that the appellee's confession in the case at bar was voluntary is supported by the record admission that appropriate Miranda warnings were given. This is further bolstered by the fact that appellee's mother joined with appellee in giving her consent to the lie detector test which resulted in his confession.
Reversed.
WIGGINTON and JOHNSON, JJ., concur.