SPECTOR, Judge
(specially concurring) :
I concur in the judgment reversing the order suppressing appellee’s confession for two reasons. First, there is no evidence that the confession was the result of physical coercion or threats, in absence of which factors the confession is reliable and should be admissible at trial. Secondly, I believe the trial court erroneously suppressed the confession on the basis of what I believe to be a misconception of Section 901.23, Florida Statutes, F.S.A. Said provision does not stand alone in our law. It is to be considered in pari materia with other rules of law. It is undisputed that appellee was afforded a statement of his rights under the Miranda decision, yet he did not ask for an attorney.
In Pettyjohn v. United States, 136 U.S.App.D.C. 69, 419 F.2d 651, 655 (1969), cert. denied 397 U.S. 1058, 90 S.Ct. 1383, 25 L.Ed.2d 676, it was held that the right of an accused to be taken before a committing magistrate is waived if the accused gives a confession or statement following the Miranda warnings. To like effect, see O’Neal v. United States, 411 F.2d 131 (C. A. 5th 1969), cert. denied 396 U.S. 827, 90 S.Ct. 72, 24 L.Ed.2d 77.
In my view, the reliance by the dissenting opinion upon the Supreme Court’s decision in Jesse Obendale Roberts is unavailing. The Roberts decision explicitly is founded upon the mandate of Section 39.- *469 03, Florida Statutes, F.S.A., relating to juveniles, whereas the Roberts court implicitly approved this court’s holding in State v. Roberts, 274 So.2d 262, wherein we held that an accused waives hjs Section 901.23 F.S.A. rights if he makes a confession following the giving of the Miranda warnings in accordance with Pettyjohn v. United States, supra, and O’Neal v. United States, supra.
For the above reasons, I concur in the reversal.