RUBY McCALLA, Respondent, v POWERHOUSE SERVICE, INC., Defendant and Third-Party Plaintiff-Appellant. HAT CORPORATION OF AMERICA, Third-Party Defendant-Respondent.—Order of the Appellate Term of the Supreme Court, First Department, entered on October 21, 1974, affirmed. Plaintiff-respondent and third-party defendant-respondent shall recover of appellant one bill of $60 costs and disbursements of this appeal. Concur—Kupferman, J. P., Tilzer, Lane and Nunez, JJ.; Murphy, J., dissents in the following memorandum: I would reverse the order of affirmance and dismiss the complaint on the dissenting opinion of Mr. Justice Quinn at the Appellate Term.

In the Matter of ROBIN J., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court of the State of New York, Bronx County, entered on March 13, 1974, adjudicating appellant a juvenile delinquent, unanimously reversed, on the law, and the matter remitted to Family Court, Bronx County, for further proceedings. Admission of the operative facts, on the basis of which appellant was so adjudicated, was made by his Law Guardian alone without any statement whatever by the client. The infant was perfectly capable of speaking for himself and should have been heard. It cannot be said on this record that what amounted to a plea of guilty was knowingly and intelligently entered by appellant. (See *Matter of Daniel D.*, 27 NY2d 90; *Matter of Lawrence S.*, 29 NY2d 206.) Concur—Stevens, J. P., Markewich, Murphy, Capozzoli and Nunez, JJ.

RUTH M. MACE et al., Appellants, v SUE B. PEARLMAN et al., Defendants-Respondents and Third-Party Plaintiffs. MEYERS BROS. PARKING SYSTEMS, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County, entered September 16, 1974, unanimously modified, in the exercise of discretion, to the extent of granting the motion of plaintiff-appellant to increase the *ad damnum* clause of the complaint and otherwise affirmed, without costs and without disbursements. No change is made in any of the issues by the granting of this motion. It was timely made on the basis of recently acquired additional information, and the Statute of Limitations on the claim has not run. It would be time wasting to relegate plaintiff to the institution of a new action. Concur—Stevens, J. P., Markewich, Tilzer, Capozzoli and Nunez, JJ.