328 So.2d 875 (1976)
Archie Nathaniel WEATHERSPOON, Appellant,
v.
STATE of Florida, Appellee.
No. X-494.
District Court of Appeal of Florida, First District.
March 10, 1976.
Rehearing Denied April 12, 1976.
*876 S. Gunter Toney, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
PER CURIAM.
On this appeal from a judgment of conviction on two counts of robbery, to which appellant pleaded nolo contendere reserving the right to appeal, we are concerned with the admissibility in evidence of a confession obtained, after Miranda warnings were given, during appellant's detention for six hours between his arrest and his delivery, as a 17-year old juvenile, to the intake officer of a juvenile detention center.
The relevant facts are: Munford's Majik Market was robbed at 7:36 a.m. on August 14, 1974 by one McDaniel who was arrested at 8:00 o'clock and who implicated appellant. Appellant was taken into custody at approximately 10:30 a.m. on the same date. At 11:00 a.m. appellant's parents, grandmother and aunt arrived at the police station. Appellant's father identified himself and inquired about his son and was told that appellant was being held. Appellant was observed being escorted upstairs. The relatives remained in the lobby of the police department until 4:00 or 4:30 p.m. when finally allowed to speak with appellant. In the meantime, according to the testimony of one of the officers, that officer had gained knowledge between 2:30 o'clock and 3:00 o'clock p.m. that appellant was a juvenile. Thereafter, at 3:35 p.m. appellant confessed to the crimes charged against him.
In Florida, juveniles are afforded rights and considerations not available to adult offenders. (See Chapter 39, Florida Statutes) It is uncontradicted that on the date of the offenses here charged appellant was in fact a juvenile. The applicable laws were not observed by the state. The challenged confession was extracted while appellant's parents waited in frustration to see and talk to their son, and after at least one of the officers became aware of appellant's true age. That confession should not have been admitted.
Reversed.
BOYER, C.J., and SACK, MARTIN, Associate Judge, concur.
SMITH, J., dissents.
SMITH, Judge (dissenting):
The trial court made explicit findings that the police were misled by appellant's statement that he was 18 years old and by circumstances corroborating the statement and that the officers dealt with appellant as a juvenile immediately upon learning his true age. We are bound to give those findings effect, supported as they are by substantial competent evidence in the record. Accordingly, the confession given during the detention was not inadmissible by reason of the officers' failure to deal more promptly with appellant as a juvenile. There was no "unreasonable delay" in delivering appellant to the appropriate intake *877 officer. Sec. 39.03(3)(a), F.S. 1973. Nor was the delay such as to require exclusion of the confession under the doctrine of Jacobs v. State, 248 So.2d 515 (Fla.App. 1st, 1971), cert. den. 253 So.2d 877 (Fla. 1971), and Oliver v. State, 250 So.2d 888 (Fla. 1971). I would affirm.