377 So.2d 223 (1979)
John Henry FIELDS, Appellant,
v.
STATE of Florida, Appellee.
No. NN-228.
District Court of Appeal of Florida, First District.
November 14, 1979.
Rehearing Denied December 18, 1979.
*224 Michael J. Minerva, Public Defender, Gene S. Taylor, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM.
On this appeal from a judgment of conviction on a charge of robbery, to which the appellant, a juvenile offender, pleaded nolo contendere while reserving the right to appeal, we are concerned with the admissibility in evidence of confessions and admissions obtained, after Miranda warnings were given, during appellant's detention for approximately four hours from the time he was taken downtown for "questioning," until his ultimate delivery to the intake officer of a juvenile detention center. During this time no attempt was made to notify the appellant's parents.
Section 39.03(3)(a), Fla. Stat., relating to juveniles, requires that "[i]f the person taking the child into custody determines ... that the child should be detained ... he shall immediately notify the parents ... and shall, without unreasonable delay, deliver the child to the appropriate intake officer... ." The interrogating officers in the present case were thus charged with an affirmative duty to immediately notify the appellant's parents. The appellant's confessions and admissions are rendered inadmissible by the officers' failure to comply with § 39.03(3)(a), Fla. Stat., and the trial judge should have granted the appellant's motion to suppress such confessions and admissions. J.E.S. v. State, 366 So.2d 538 (1 DCA 1979); Dowst v. State, 336 So.2d 375 (1 DCA 1976); Weatherspoon v. State, 328 So.2d 875 (1 DCA 1976). Contra, Doerr v. State, 348 So.2d 938 (2 DCA 1977).
Accordingly, the judgment and sentence are reversed, and the case is remanded for further proceedings.
LARRY G. SMITH, Acting C.J., and SHAW and WENTWORTH, JJ., concur.