PER CURIAM.
Appellant challenges his conviction for second-degree murder on the grounds that the trial judge improperly admitted certain items found at the murder scene and that the judge should not have allowed the jury to consider appellant’s written confession. We affirm.
Sanders was arrested October 17, 1978, at his home. He was given Miranda warnings at that time and signed a waiver form. He then made an exculpatory statement in which he acknowledged only his presence at the murder scene. He also told officers the approximate location of certain items belonging to the victim and agreed to accompany investigators to the scene the next day. (Appellant’s October 17th statement was not used at trial.)
On the morning of October 18th, appellant was given his first appearance. The magistrate did not comply with the requirements of Rule 3.130(b)(2), Florida Rules of Criminal Procedure, but he did appoint the public defender’s office to represent Sanders. The only representative of the public defender’s office present at the time was an unsupervised law student intern.
Appellant went to the scene with officers later that day, and several items belonging to the victim were found, some of them with appellant’s assistance. Those pieces of physical evidence were introduced at trial.
The public defender’s office appeared on October 19, with the defendant present, before a circuit judge. The judge approved the public defender’s withdrawal and appointed a local attorney to represent Sanders. A notification letter to the attorney was mailed that day, but the letter did not reach him until the following Monday, October 23rd. Appellant remained in jail during the interim.
On October 23rd, before appellant’s lawyer contacted him, investigators again obtained a signed waiver of Miranda rights from Sanders, who agreed to take a polygraph test. Investigators told Sanders he failed the test, then once again gave him Miranda warnings and obtained another signed waiver. Sanders confessed to the homicide.
Appellant first challenges the introduction of physical evidence belonging to the victim, primarily on the ground that he was not given Miranda warnings by the magistrate at first appearance or by the police at the crime scene. We find, however, that Sanders’ return to the crime scene was not improper because he had been warned the day before and signed a waiver of his right to counsel. His actions at the scene were merely consistent with his agreement to accompany police there and with his descriptions the day before, at the time he waived his rights. This case is not controlled by Jacobs v. State, 248 So.2d 515 (Fla. 1st DCA 1971), in that in Jacobs the defendant not only was not taken before a magistrate but also was given no Miranda warnings during a six-day period of police interrogation resulting in his confession.
Sanders also contends the confession should not have been admitted because he was in fact without counsel during the six days from his arrest until he confessed. Although a rather leisurely method was followed for notifying appellant’s attorney of *882 his appointment, it must not be forgotten that before taking the polygraph test and before confessing, Sanders was advised of his right to counsel twice and twice waived the right, orally and in writing. A defendant represented by counsel may waive that right knowingly and voluntarily even without the advice of counsel. Coughlan v. United States, 391 F.2d 371 (9th Cir. 1968), cert. denied 393 U.S. 870, 89 S.Ct. 159, 21 L.Ed.2d 139 (1968). The Florida Supreme Court recently approved the argument that a represented defendant may forego right to counsel during interrogation. Stone v. State, 378 So.2d 765 (Fla.1979). Stone states that even had the defendant requested an attorney, he subsequently could waive his right to counsel. Nothing in this record suggests that Sanders asked for a lawyer.
The present facts are distinguishable from those in State v. Alford, 225 So.2d 582 (Fla. 2d DCA 1969), and Collins v. State, 197 So.2d 574 (Fla.2d DCA 1967). In Alford, the defendant was questioned during two days without being allowed to confer with his attorney, and even after his attorney demanded to see the defendant and told police to cease interrogation, the police kept lawyer and client apart for three hours, obtaining a confession before bringing the defendant to his attorney. In Collins, defendant was arrested and, over a three-day period, was held in maximum security, placed in two lineups, and given three polygraph tests, despite the fact that he had told the sheriff he wanted privately retained counsel. Defendant was allowed to call his father to seek counsel, but the police persisted in the above-mentioned procedures without waiting for the attorney to arrive and without procuring a knowing and voluntary waiver of Miranda rights. No such investigative excesses occurred in this case.
AFFIRMED.
ERVIN, BOOTH and SHIVERS, JJ., concur.