GLICKSTEIN, Judge,
dissenting.
The transcript of the defendant’s taped confession contains error by the interrogating officer which should have resulted in the taped confession’s suppression. Accordingly, I would reverse and remand with direction to suppress the taped confession, and give the defendant an opportunity to withdraw his plea.
The transcript of the tape reflects the following:
(Thereupon, the tape recording, Defense Exhibit Number One, was played to the Court.)
[Deputy Perez] If you don’t have money for a lawyer, the county will pay for a lawyer that can represent you at that time in court, do you understand?
[[Image here]]
[Deputy Perez] (Indiscernible) and to have a lawyer present, you can do that, do you understand that?
[Defendant] But what about if I don’t have any money?
[Deputy Perez] But do you understand the rights that I am reading to you, do you understand?
Do you want to talk to us?
[Defendant] Yes.
(emphasis supplied).
The defendant’s emphasized question indicates his uncertainty during interrogation as to the effect of his inability to pay for a lawyer.
In Fields v. State, 402 So.2d 46 (Fla. 1st DCA 1981), the First District Court of Appeal reversed a trial court’s denial of a juvenile’s motion to suppress confessions and admissions he had made during a custodial interrogation. Although the juvenile had expressly waived his Miranda rights, the trial court concluded his waiver was not voluntary, intelligent and knowing. In making this finding, the trial court noted that:
Appellant was, in formal terms, repeatedly advised of and said that he understood his Miranda rights, but upon being asked if he wanted a lawyer his response was that “I can’t afford to get one.” Appellant’s interrogators did not then or at anytime thereafter make any further statement or clarification regarding his right to counsel.
Id. at 47. The First District found that the defendant’s statement regarding his inability to afford counsel showed that the defendant did not comprehend his right to counsel even if he could not afford the cost. Likewise, in the instant case, the appellant’s statement could be deemed to show that he did not comprehend his right to counsel even though he had been advised at least three times that he would be appointed counsel if he could not afford the cost of legal representation.
When an accused during interrogation makes a statement that, given the context in which it is made, may indicate a desire to have counsel present, all custodial interrogation must cease and further inquiry is limited to clarifying the accused’s statement. Cannady v. State, 427 So.2d 723, 728 (Fla.1983); Kyser v. State, 533 So.2d 285, 286 (Fla.1988). Here the interrogating officer failed to conduct the necessary and limited inquiry as to appellant’s desire for counsel once appellant made the ambiguous statement “But what if I don’t have any money.”