PER CURIAM.
The State of Florida appeals an order suppressing evidence where the trial court found that the appellee’s confession was not freely and voluntarily given. We affirm.
A motion to suppress involves mixed questions of fact and law. United States v. Harris, 928 F.2d 1113, 1115-16 (11th Cir.1991). A ruling on such a motion is presumed to be correct, and our duty as an appellate panel is to interpret the evidence and reasonable inferences therefrom in a manner most favorable to sustaining that determination. Medina v. State, 466 So.2d 1046 (Fla.1985). The appellant had the burden to show by a preponderance of the evidence that the appellee’s confession was freely, voluntarily, and intelligently given. Any waiver of a suspect’s constitutional rights must be “voluntary, knowing, and intelligent, ...” Traylor v. State, 596 So.2d 957, 966 (Fla.1992); Fields v. State, 402 So.2d 46 (Fla. 1st DCA 1981). The totality of the circumstances considered by the lower tribunal in making its evidentiary ruling cannot be reweighed on appeal. Although we might have ruled differently had we been sitting as the trier of fact, we cannot substitute our judgment for that of the able trial court on the question of witness credibility. Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The trial court determined that the appellant failed to meet its burden of proof. Concluding that competent substantial evidence supports the challenged ruling, and that the trial court correctly applied the law, we AFFIRM the order.
MINER, ALLEN and MICKLE, JJ., concur.