**Freddie WILLIAMS, Appellee,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellant.**

**Freddie WILLIAMS, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**Nos. 12483, 12484.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 11, 1968.

Decided Nov. 26, 1968.

---

7. Respondent could have taken his wife with him at Iran's expense.

See also D.C., 262 F.Supp. 618.

Terry H. Davis, Jr., Norfolk, Va. (court-appointed counsel) (Taylor, Gustin, Harris, Fears & Davis, Norfolk, Va., on brief), for Freddie Williams.

Reno S. Harp, III, Asst. Atty. Gen. (Robert Y. Button, Atty. Gen., of Va., on brief), for C. C. Peyton, Superintendent of Virginia State Penitentiary.

Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The Commonwealth of Virginia appealed from a judgment of the district court granting a writ of habeas corpus to Freddie Williams because he had not been afforded counsel in juvenile court. Williams cross-appealed alleging that his confession was improperly admitted into evidence, that his attorney failed to perfect a timely appeal, and that the sentencing procedure followed by the trial court denied him due process of law. We affirm the judgment of the district court, but our decision turns upon the erroneous admission of Williams' confession and not upon the issue of his right to counsel at the juvenile hearing.

In December 1945, Williams, a Negro boy age fifteen, was indicted for two robberies and one attempted robbery. An attorney was appointed for him, he waived trial by jury, and the court tried all three indictments jointly on pleas of not guilty. The Commonwealth's evidence disclosed that in each of the robberies a young Negro man or boy followed a woman to a dark street or alley, knocked her down, and took, or attempted to take, her pocketbook. One victim identified Williams, but she conceded that she thought her assailant was taller than he. The other two victims were unable to identify Williams, and the only other evidence linking Williams to the crimes was his confession. The court found him guilty and sentenced him to eighteen years on each indictment. The judge ordered the sentences to run concurrently, but the Commonwealth's Attorney suggested that although Williams was guilty of grave offenses, he would be eligible to apply for parole after six years. The judge then changed the sentences to run consecutively, making the total term of imprisonment fifty-four

years.[1] Williams' lawyer failed to perfect a timely appeal.[2]

In subsequent habeas corpus proceedings Williams exhausted his state remedies. He then filed a petition in the district court, where he was granted a plenary hearing. The district judge, relying upon In re Gault, 387 U.S. 1, 34, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), granted the writ because Williams did not have counsel at a juvenile court hearing that preceded his indictment. The record of the juvenile proceeding consists only of a juvenile warrant issued October 22, 1945 by a justice of the peace and the judgment endorsed on the warrant, which shows that Williams and his mother were present and that one charge was certified to the grand jury. There is no record of juvenile proceedings on the other two charges. Williams' application for habeas corpus was briefed, argued, and decided on the assumption that the juvenile court could either commit Williams as a juvenile or treat him as an adult and certify the case to the grand jury. However, at the conclusion of oral argument on appeal, the Assistant Attorney General suggested that Virginia law in 1945 denied the juvenile judge authority to punish or commit Williams and limited his jurisdiction to certifying the case to the grand jury.[3] The scant information about the juvenile proceedings, coupled with the parties' possible misapprehension of the applicable law, provides an unsatisfactory record for us to determine the constitutional issue that Williams' 1945 hearing poses.

 We turn then to Williams' claim that his confession was improperly admitted into evidence. At his criminal trial and in the federal habeas corpus hearing, Williams testified that soon after the police took him into custody one officer struck him and another knocked him off a bench. He testified that he confessed because the officers, detaining him in a parked police car, threatened to beat him and because he was scared. The officers denied that they had either mistreated or threatened Williams. The district court found that no force or threats were used against Williams. This resolution of conflicting evidence is binding upon us. Fed.R.Civ.P. 52(a).

 The issue, however, is not simply whether the confession was extracted by force or threats of force. It is whether the defendant's "will was overborne by the sustained pressures upon him." Davis v. North Carolina, 384 U.S. 737, 739, 86 S.Ct. 1761, 1763, 16 L.Ed.2d 895 (1966); Reck v. Pate, 367 U.S. 433, 440, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961). Youth by itself is not a ground for holding a confession inadmissible. But more than twenty years ago, the Supreme Court cautioned that the record must be scrutinized with special care to determine whether a young defendant's confession

1. In 1947 another court sentenced Williams, upon pleas of guilty to attempted robbery in 1945, to two terms of five years each to run concurrently with the sentences of December 21, 1945. The 1947 sentences have been served and Williams' attack upon them is not before us. In 1954 the 18-year sentence for attempted robbery imposed on December 21, 1945, was corrected by reducing it to its legal maximum of 10 years. In 1958 Williams was paroled. His parole was revoked in 1964.

2. Final judgments were entered December 21, 1945. Motions to set aside the judgment were overruled January 4, 1946. Williams' attorney computed the time for perfecting the appeal from January 4, 1946. All necessary papers were filed within the time required by statute and the rules of court based on this date. The Supreme Court of Appeals held, however, that the time started running from December 21, 1945, and that computed from this date, the appeal was not timely. As the district judge noted, within recent years the Supreme Court of Appeals of Virginia has allowed delayed appeals.

3. See Mickens v. Commonwealth, 178 Va. 273, 16 S.E.2d 641 (1941), cert. denied, 314 U.S. 690, 62 S.Ct. 362, 86 L.Ed. 552 (1942). *Mickens* led to statutory amendments in 1950, which conferred broader jurisdiction on the juvenile courts. See Peyton v. French, 207 Va. 73, 147 S.E.2d 739 (1966); Tilton v. Commonwealth, 196 Va. 774, 85 S.E.2d 368 (1955).

is voluntary. Haley v. Ohio, 332 U.S. 596, 599, 68 S.Ct. 302, 92 L.Ed. 224 (1948). Facts to be considered include the youth of the defendant, the length of his detention without counsel, and any failure to send for his parents, or to bring him promptly before a judge of a juvenile court. Gallegos v. Colorado, 370 U.S. 49, 55, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962); The Supreme Court, 1961 Term, 76 Harv.L.Rev. 108 (1962).

 Williams was just under fifteen years of age at the time he was arrested. He was enrolled in grammar school and had no prior criminal record. The date of his arrest and the length of his detention are not clear from the record, but for at least three days he was held incommunicado without being taken before a juvenile judge. During this period he was questioned intermittently by the police about a series of purse snatchings. On the third day four policemen took him to the homes of three victims. One of the women identified Williams as the boy who attempted to take her purse. The other two were unable to identify him. After the police had taken Williams to the scenes of the crimes, they parked their car to continue their interrogation. Williams sat in the back seat between two officers. He was given no explanation or warning of his constitutional rights. Williams, who up until this time had maintained his innocence, finally confessed.

We need not determine whether any single pressure, such as the length of Williams' incommunicado detention, the delay in taking him before a juvenile judge, or the absence of counsel during his interrogation rendered his confession inadmissible. It is sufficient for us to conclude, on ample precedent, that all of the facts combine to establish that this young boy's confession was involuntary. Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962); Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948); Vanleeward v. Rutledge, 369 F.2d 584 (5th Cir. 1966); Ledbetter v. Warden, 368 F.2d 490 (4th Cir. 1966), cert. denied, 386 U.S. 971, 87 S.Ct. 1162, 18 L.Ed.2d 130 (1967).

In view of our disposition of the case, we need not inquire into Williams' other allegations. The judgment of the district court granting the writ of habeas corpus and discharging Williams from custody, unless the Commonwealth elects to retry him promptly, is affirmed.

Affirmed.