577 F.2d 1158
 Gary Lee MILLER, Appellant,
v.
STATE OF MARYLAND and Gerald A. Keller, Appellees.
 No. 77-2250.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 7, 1978.
Decided June 22, 1978.
 
 Paul Sullivan and John C. Sullivan, Cumberland, Md., for appellant.
 F. Ford Loker, Asst. Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen., and Clarence W. Sharp, Asst. Atty. Gen., Chief, Crim. Div., Baltimore, Md., on brief), for appellees.
 Before BUTZNER, Circuit Judge, LAY, Circuit Judge for the Eighth Circuit, sitting by designation, and WIDENER, Circuit Judge.
 PER CURIAM:
 
 
 1
 Gary Lee Miller appeals from the district court's judgment denying his petition for habeas corpus. We affirm.
 
 
 2
 Miller was convicted of murder after a non-jury trial before two judges of the Circuit Court of Allegheny County, Maryland. The trial court admitted into evidence a confession given by Miller to the police on the day of his arrest when he was 16 years old. The Court of Appeals of Maryland agreed with the trial court that Miller's statement "had been freely and voluntarily given, and that . . . (he) knowingly and intelligently waived his constitutional rights," and it affirmed the conviction. Miller v. State, 251 Md. 362, 247 A.2d 530, 540 (1968).
 
 
 3
 While Miller chose not to testify at trial concerning the circumstances surrounding his confession, he did testify at a state post-conviction hearing. He claimed that the police did not advise him of his Miranda rights, did not allow him to see his parents, and fabricated the confession. The police denied these allegations. The state judge did not believe Miller's testimony and held that he had voluntarily confessed. The district court, finding that the state court had applied the proper constitutional standards and that the record supported its findings of fact, decided this case on the pleadings and state record without a hearing. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254(d).
 
 
 4
 Miller contends that in evaluating the voluntariness of his confession the courts gave insufficient consideration to his age. But "(y)outh by itself is not a ground for holding a confession inadmissible." Williams v. Peyton, 404 F.2d 528, 530 (4th Cir. 1968). Both the state and federal courts explicitly recognized the duty required by Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), to scrutinize with special care confessions by juveniles. The district court noted that the police's failure to contact Miller's parents as soon as they arrested him was a circumstance that weighed against the admissibility of the confession, but it correctly recognized that that fact alone did not render the confession involuntary. See Haley v. Ohio, 332 U.S. 596, 602-03, 68 S.Ct. 302, 92 L.Ed. 224 (1948) (Frankfurter, J., concurring).
 
 
 5
 Miller also reasserts in this court his allegations of police misconduct. But the state court, and the district court on the basis of the state record, found that the police twice gave Miller the standard Miranda warnings; that they honored Miller's first request to see his parents, which came after he confessed; and that considering the totality of the circumstances, Miller's confession had been freely, knowingly, and voluntarily given. After a careful review of the record, we cannot say that these findings are clearly erroneous.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 7
 AFFIRMED.
 
 
 8
 LAY, Circuit Judge, dissenting.
 
 
 9
 I respectfully dissent.
 
 
 10
 It is difficult to disagree with Judge Young's thorough and searching opinion rendered in the district court, which is supported by the conclusion of the Court of Appeals of Maryland that the defendant's statement "had been freely and voluntarily given, and that (he) knowingly and intelligently waived his constitutional rights." Miller v. State, 251 Md. 362, 247 A.2d 530, 540 (1968).
 
 
 11
 As voluntary as the confession may otherwise seem, however, there is nothing in the present record which demonstrates that this 16 year old boy made an effective and intelligent waiver of his right to counsel at the time of the police interrogation. My reluctance to deny petitioner relief is based on language found in Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948):
 
 
 12
 (W)e are told that this boy was advised of his constitutional rights before he signed the confession and that, knowing them, he nevertheless confessed. That assumes, however, that a boy of fifteen, without aid of counsel, would have a full appreciation of that advice and that on the facts of this record he had a freedom of choice. We cannot indulge those assumptions. Moreover, we cannot give any weight to recitals which merely formalize constitutional requirements. Formulas of respect for constitutional safeguards cannot prevail over the facts of life which contradict them. They may not become a cloak for inquisitorial practices and make an empty form of the due process of law . . . .
 
 
 13
 Id. at 601, 68 S.Ct. at 304 (plurality opinion) (emphasis added).
 
 
 14
 A similar observation was made in Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962), where the Court stated:
 
 
 15
 (The juvenile arrestee) cannot be compared with an adult in full possession of his senses and knowledgeable of the consequences of his admissions. He would have no way of knowing what the consequences of his confession were without advice as to his rights from someone concerned with securing him those rights and without the aid of more mature judgment as to the steps he should take in the predicament in which he found himself. A lawyer or an adult relative or friend could have given the petitioner the protection which his own immaturity could not. Adult advice would have put him on a less unequal footing with his interrogators. Without some adult protection against this inequality, a 14-year-old boy would not be able to know, let alone assert, such constitutional rights as he had.
 
 
 16
 Id. at 54, 82 S.Ct. at 1212.
 
 
 17
 I appreciate that both Haley and Gallegos involved instances of physical mistreatment which additionally supported the Supreme Court's finding of a denial of due process. However, recent state cases have held that a confession secured from a 14 or 15 year old child, in the absence of counsel or a parent capable of protecting the child's rights, violates due process. See In re Nelson, 58 Misc.2d 748, 296 N.Y.S.2d 472 (1969); In re Aaron D., 30 App.Div.2d 183, 290 N.Y.S.2d 935 (1968). In my view, this reasoning is correct and should be applied here. See also Commonwealth v. Webster, 466 Pa. 314, 320-28, 353 A.2d 372, 376-79 (1975); In re K.W.B., 500 S.W.2d 275, 279-83 (Mo.App.1973); Lewis v. State, 259 Ind. 431, 436-40, 288 N.E.2d 138, 141-43 (1972). Cf. Weatherspoon v. State, 328 So.2d 875, 876 (Fla.App.1976).
 
 
 18
 The district court denied petitioner relief on the basis of the state courts' findings that petitioner had been advised of his Miranda rights, including his right to have counsel present during interrogation, and that he had waived this right. Judge Young acknowledged that "there is no indication that the police investigators made any attempt to explain in detail the meaning of the Miranda warnings, an action which should be taken when a juvenile is being interrogated. . . ." (Emphasis added). See also United States v. Miller, 453 F.2d 634, 636 (4th Cir.), cert. denied, 406 U.S. 923, 92 S.Ct. 1790, 32 L.Ed.2d 123 (1972). However, Judge Young found this fact irrelevant since "the petitioner has steadfastly maintained he never was given his Miranda rights. . . ." (The state court resolved this fact against petitioner.) The judge concluded that "Miller has, therefore, not argued to this Court that he did not comprehend the rights as they were read." The police acknowledge that all they did was read the Miranda rights to Miller and make a notation that he indicated he understood them. The district court recognized that "perhaps more should have been done." (Emphasis added). Judge Young concluded, however, that because Miller had a prior rape conviction and was not totally inexperienced with the law and law enforcement agents, there was no reason to conclude that the waiver was not effective. I find this conclusion to be unwarranted.
 
 
 19
 Notwithstanding Miller's assertion that his Miranda rights were not read to him, upon a judicial finding to the contrary it was incumbent on the State of Maryland to show that any waiver of those rights by the petitioner was fully understood and intelligently made. The Supreme Court recently reaffirmed the proposition that courts must "indulge in every reasonable presumption against waiver." Brewer v. Williams, 430 U.S. 387, 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424 (1977).
 
 
 20
 In Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942), Mr. Justice Frankfurter observed that a defendant "may waive his Constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open." (Emphasis added). The mere fact that an accused is informed of his right of counsel and expresses a desire to waive such right is not by itself considered to be an effective waiver. See Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). It is fundamental that the record show that an accused was offered counsel and that he intelligently and understandingly rejected the offer. As the Supreme Court stated in Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), "(a)nything less is not waiver."
 
 
 21
 In the present case the record is silent as to whether petitioner fully understood the assistance effective counsel could have provided. Before interrogating a 16 year old youth the police must fully inform the youth of the nature of his constitutional rights, rather than merely accept the boy's acknowledgment that he waives those rights. The mere litany of formal questions and answers is not sufficient. It may be true that "(y)outh by itself is not a ground for holding a confession inadmissible." Williams v. Peyton, 404 F.2d 528, 530 (4th Cir. 1968). However, if it is true that because of a youth's suggestibility and immaturity special precautions must be taken in custodial interrogation,[1] then the record here is grossly deficient in showing that the petitioner fully understood what his right to counsel was intended to provide.
 
 
 22
 At a minimum police should encourage the presence of a lawyer or his parents during interrogation. Maryland law required notification of the parents of a juvenile arrestee,[2] and this statutory command should not be viewed simply as a hollow gesture. In the absence of parents, police should at least explain to a youth the value of having counsel present: that counsel can privately consult with the accused outside of the presence of the police, advise him as to whether to speak freely or not, advise him of the legal consequences of any incriminating statement he might make, and insure that the questioning will be conducted fairly.[3] As recognized in Miranda, presence of counsel during interrogation "obviously enhances the integrity of the fact-finding processes in court." Miranda v. Arizona, 384 U.S. 436, 466, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694 (1966). Unless a youth minimally demonstrates that he fully understands these facts, and unless the record affirmatively shows this, I do not feel courts should indulge in any assumption that the youth has intelligently waived his right to counsel during interrogation.
 
 
 23
 If a lawyer had been requested in the present case he would have found the accused to be a 16 year old youth who had been involved in a prior criminal conviction, who was presently undergoing psychiatric care and who was about to be interrogated concerning a capital crime. Any effective lawyer under the circumstances would have advised his client to remain silent until further investigation and consultation had taken place.
 
 
 24
 I basically abhor the proposition that an immature and emotionally disturbed youth can be interrogated in custodial surroundings without the presence of his parents or counsel. Cf. Mr. Justice Marshall's dissent from the denial of certiorari in Little v. Arkansas, --- U.S. ----, 98 S.Ct. 1590, 55 L.Ed.2d 809 (1978) and in Riley v. Illinois, --- U.S. ----, 98 S.Ct. 1657, 56 L.Ed.2d 91 (1978). Law enforcement personnel know full well that incriminating statements may be more readily obtained from any accused if counsel is not present. Police know once a confession is obtained appointed counsel may thereafter serve only a perfunctory role. As Mr. Justice Harlan recognized in dissent in Mapp v. Ohio, 367 U.S. 643, 685, 81 S.Ct. 1684, 1707, 6 L.Ed.2d 1081 (1961):
 
 
 25
 (A)ll the careful safeguards erected around the giving of testimony, whether by an accused or any other witness, would become empty formalities in a procedure where the most compelling possible evidence of guilt, a confession, would have already been obtained at the unsupervised pleasure of the police.
 
 
 26
 I sense that judicial acceptance of an alleged waiver of the right to counsel by an immature youth is often blinded by the heinous crime with which the youth is charged. Violation of the basic constitutional right to counsel cannot be obviated by hindsight rationalization. Whether the confession may be corroborated by extrinsic facts, whether the incriminating remarks have an inherent ring of truth is beside the point. Cf. Williams v. Brewer, supra. More important is the right of each accused youth to effective assistance of counsel at a meaningful time in a criminal proceeding.
 
 
 27
 I would reverse and conditionally grant the writ of habeas corpus pending a new trial by the State of Maryland.
 
 
 
 [1]
 See Haley v. Ohio, 332 U.S. 596, 599-600, 68 S.Ct. 302, 92 L.Ed. 224 (1948)
 
 
 [2]
 The district court acknowledged that Maryland law places an affirmative obligation on law enforcement officials to notify parents or guardians when minors are taken into custody. § 3-822(a), Courts and Judicial Proceedings Act, Code of Maryland. This was not done here
 
 
 [3]
 I would like to assume that even without counsel present police would conduct a fair interrogation. However, I have heard at least one state attorney general argue before me that "every law officer knows that you must engage in a little trickery to obtain a good confession."