PER CURIAM:
Gary Lee Miller appeals from the district court’s judgment denying his petition for habeas corpus. We affirm.
Miller was convicted of murder after a non-jury trial before two judges of the Circuit Court of Allegheny County, Maryland. The trial court admitted into evidence a confession given by Miller to the police on the day of his arrest when he was 16 years old. The Court of Appeals of Maryland agreed with the trial court that Miller’s statement “had been freely and voluntarily given, and that . . [he] knowingly and intelligently waived his constitutional rights,” and it affirmed the conviction. Miller v. State, 251 Md. 362, 247 A.2d 530, 540 (1968).
While Miller chose not to testify at trial concerning the circumstances surrounding his confession, he did testify at a state post-conviction hearing. He claimed that the police did not advise him of his Miranda rights, did not allow him to see his parents, and fabricated the confession. The police denied these allegations. The state judge did not believe Miller’s testimony and held that he had voluntarily confessed. The district court, finding that the state court had applied the proper constitutional standards and that the record supported its findings of fact, decided this case on the pleadings and state record without a hearing. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254(d).
Miller contends that in evaluating the voluntariness of his confession the courts gave insufficient consideration to his age. But “[y]outh by itself is not a ground for holding a confession inadmissible.” Williams v. Peyton, 404 F.2d 528, 530 (4th Cir. 1968). Both the state and federal courts explicitly recognized the duty required by Haley v. Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224 (1948), to scrutinize with special care confessions by juveniles. The district court noted that the police’s failure to contact Miller’s parents as soon as they arrested him was a circumstance that weighed against the admissibility of the confession, but it correctly recognized that that fact alone did not render the confession involuntary. See Haley v. Ohio, 332 U.S. 596, 602-03, 68 S.Ct. 302, 92 L.Ed. 224 (1948) (Frankfurter, J., concurring).
Miller also reasserts in this court his allegations of police misconduct. But the state court, and the district court on the basis of the state record, found that the police twice gave Miller the standard Miranda warnings; that they honored Miller’s first request to see his parents, which came after he confessed; and that considering the totality of the circumstahces, Miller’s confession had been freely, knowingly, and voluntarily given. After a careful review of the record, we cannot say that these findings are clearly erroneous.
Accordingly, we affirm the judgment of the district court.
AFFIRMED.