250

EL PUEBLO DE PUERTO RICO en interés del menor F. B. M., peticionario.

*Número:* O-79-541    *Resuelto:* 8 de marzo de 1982

*Doris López González* y *María L. Colón,* de Servicios Legales de Puerto Rico, abogadas del menor F. B. M.; *Héctor A. Colón Cruz, Procurador General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados del relator.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El 17 de septiembre de 1979, la Sala de Asuntos de Menores de San Juan del Tribunal Superior declaró al apelante incurso en dos querellas de robo y otra por infracción del Art. 4 de la Ley de Armas. El Tribunal dispuso que el menor continuase en la institución en que venía recibiendo tratamiento.

El apelante alega que erró el tribunal al declararlo culpable de las faltas imputadas sin que alegadamente hubiera prueba suficiente, exenta de duda razonable, de que se había cometido un acto ilegal. Impugna el apelante la admisibilidad de su supuesta confesión y el hecho de que ésta no fue corroborada.

El récord es sumamente escueto. No surge indicio de la edad del menor, de su educación, experiencia, tiempo de detención, estado emocional, del método de interrogatorio utilizado. Se desconoce si el menor y sus padres fueron notificados del derecho del primero a asistencia de abogado y a negarse a contestar preguntas. A la vista de las querellas en su fondo no comparecieron las dos personas perjudicadas. Tan solo declaró la mujer policía que investigó el caso. Expresó la testigo que entrevistó al menor en su oficina en presencia de otro agente, quien tampoco declaró. La testigo afirmó que el menor admitió que amenazó con una cuchilla a los perjudicados y les sustrajo una cadena de oro y una sortija de graduación valoradas, respectivamente, en $75 y $65. El tribunal le preguntó a la testigo si le había hecho "las advertencias de ley" al menor. La testigo respondió que las había hecho, porque las tenía escritas, "pero que de momento no las recordaba". Quedó establecido que en el momento de la alegada admisión no estaba presente ningún familiar del menor. No hay constancia escrita de la confesión.

I

■ En *In re Gault*, 387 U.S. 1, 55 (1967), el Tribunal Supremo de Estados Unidos sentó la norma siguiente:

Si por alguna razón permisible el abogado [del menor] no estaba presente al obtenerse la admisión, debe tenerse extremo cuidado en comprobar que la admisión fue voluntaria, no sólo en el sentido de que no fue el producto de la coacción o la sugestión, sino también en el sentido de que no fue el resultado de la ignorancia de sus derechos o de la fantasía, el pavor o el desaliento del adolescente.

Véanse: *Haley* v. *Ohio*, 332 U.S. 596 (1948); *Gallegos* v. *Colorado*, 370 U.S. 49 (1962). Aun la lectura mecánica de los derechos reconocidos en *Miranda* v. *Arizona*, 384 U.S. 436 (1966), no es de por sí suficiente. Hay que intentar asegurarse, mediante la indagación de los factores mencionados en *Gault* y el examen de la totalidad de las circunstancias en que la confesión se produce, si ésta es en verdad voluntaria. I. M. Rosenberg, *The Constitutional Rights of Children Charged with Crime: Proposal for a Return to the not so Distant Past*, 27 UCLA L. Rev. 656, 672 (1980); Secretariado de la Conferencia Judicial, *Informe del Comité de Justicia Juvenil*, San Juan, 1980, págs. 21–24. Las normas sentadas en *Gault* hallan eco en nuestra jurisprudencia. *Pueblo* v. *Figueroa González*, 95 D.P.R. 98 (1967); *R.A.M.* v. *Tribunal Superior*, 102 D.P.R. 270 (1974).

■ La primera dificultad con el caso de autos es la ausencia de indicación alguna de que se investigó a fondo la totalidad de las circunstancias en que ocurrió la confesión para determinar su voluntariedad. La única testigo de cargo aun no recuerda cuáles advertencias le hizo al menor. La carga de probar la renuncia de sus derechos por parte del menor y la consiguiente admisibilidad de la confesión recae en el Estado. *Miller* v. *State of Md.*, 577 F.2d 1158, 1159 (4th Cir. 1978); *Crawford* v. *State*, 240 S.E.2d 824 (1977); Comment, *The Judicial*

*Response to Juvenile Confessions: an Examination of the Per Se Rule,* 17 Duquesne L. Rev. 659–660 (1978–79). En los procedimientos de menores, además, el Estado tiene que probar su caso más allá de toda duda razonable. El criterio de la preponderancia de la prueba es inaplicable. *In re Winship,* 397 U.S. 358 (1970); *R.A.M.* v. *Tribunal Superior,* supra. Ante los hechos descritos no podemos suplir las lagunas en la prueba y expresar con certeza que el menor fue debidamente advertido de sus derechos y que, vista la totalidad de las circunstancias envueltas, la alegada confesión es admisible.

## II

Una segunda dificultad que confronta este caso estriba en la ausencia, en el acto de la supuesta confesión, de un abogado o de un adulto interesado en el menor, capaz de explicarle el alcance de la renuncia a sus derechos. No hay indicio de notificación a los padres de tal procedimiento. En *Gault* se resolvió que:

> . . . la cláusula de debido proceso de ley de la enmienda decimocuarta exige que en los procedimientos determinantes de delincuencia que puedan resultar en envío a una institución donde se limite la libertad de un menor, éste y sus padres deben ser notificados del derecho del menor a ser representado por un abogado contratado por ellos o, de no tener medios económicos para hacerlo, a que se nombre un abogado para tal fin. Pág. 41.

*Gault* trata básicamente de los derechos que asisten al menor en la etapa adjudicativa, mas véase: *Kent* v. *United States,* 383 U.S. 541 (1966); *cf. Fare* v. *Michael C.,* 442 U.S. 707 (1979). Las razones en que se funda la regla de *Gault* son igualmente aplicables a los interrogatorios bajo custodia. Numerosos estudios sostienen el derecho de los menores a estar representados por abogado en todas las etapas críticas de los procedimientos. *N.A.C. Standards,* 16.1, "Right to Counsel"; *I.J.A./A.B.A. Standards relating*

*to Pretrial Court Proceedings,* 5.1, 5.2, 5.3, págs. 89–98; 1980 *Suggested State Legislation,* sec. 6; *Informe del Comité de Justicia Juvenil,* supra, págs. 25–28. La etapa del interrogatorio bajo custodia es ciertamente crítica. Una minoría de estados han convertido el concepto en una regla *per se.* Otros prefieren el criterio de la totalidad de las circunstancias. Comment, *The Judicial Response to Juvenile Confessions: an Examination of the Per Se Rule,* 17 Duquesne L. Rev. 659 (1978–79). Bajo cualquiera de los dos criterios no basta con que el menor, a solas, sin justificación adecuada para la ausencia de un abogado o de un adulto interesado en su suerte y conocedor de sus derechos, renuncie a su derecho a no incriminarse. Deben haber mediado, al menos, entre otros factores demostrativos de la voluntariedad de su declaración, las notificaciones a que hace referencia *Gault.* Véase: *Edwards* v. *Arizona,* 451 U.S. 477 (1981).

## III

■ Aun suponiendo que la alegada confesión esté exenta de toda mácula constitucional, existe un tercer escollo insalvable. Este Tribunal ha resuelto que las confesiones y admisiones tienen que ser reforzadas, para sostener un fallo condenatorio, con prueba de corroboración. *Pueblo* v. *Pérez Fernández,* 95 D.P.R. 919 (1968); opinión del Juez Dávila en *Pueblo* v. *Santiago Sánchez,* 111 D.P.R. 379 (1981), (no hubo opinión del Tribunal por dividirse éste cuatro a cuatro). Véanse, además, *Wong Sun* v. *United States,* 371 U.S. 471 (1963); Comment, *Corroboration of Extrajudicial Statements,* 7 Stan. L. Rev. 378 (1955). Tal norma se ha establecido en casos de adultos. La protección que ella entraña se extiende aún con más razón a los casos de menores. En el caso de autos no hubo corroboración de ninguna índole.

Por las razones expuestas *se revocará la resolución recurrida.*

Los Jueces Asociados Señores Torres Rigual y Negrón García concurren con el resultado sin opinión. El Juez Asociado Señor Martín concurre con la disposición que se hace del caso.