TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos el Pueblo de Puerto Rico (el Pueblo o el peticionario) mediante recurso de certiorari presentado el 4 de abril de 2005. En el mismo nos solicita que revoquemos la Resolución emitida el 22 de febrero de 2005 por el Tribunal de Primera Instancia, Sala Superior de San Juan, Asuntos de Menores (TPI). En dicha Resolución, el TPI decretó que, al momento de ser evaluado por la profesional de la salud del Departamento de Justicia en preparación para la vista de renuncia de jurisdicción, el menor J.M.A. (el recurrido o el menor) estuviese acompañado por su representación legal.
Estudiados los escritos de las partes, así como el derecho aplicable, resolvemos expedir el auto de certiorari solicitado y modificar la Resolución recurrida.
I
Por hechos ocurridos el día anterior, el 7 de febrero de 2005, se sometieron cuatro quejas por tentativa de asesinato y dos quejas por portación ilegal de armas en interés del menor J.M.A. Ese mismo día se determinó causa probable para aprehensión y se señaló el 10 de febrero de 2005 como la fecha de la vista de causa probable para radicar querella. Celebrada la aludida vista, el TPI determinó que existía causa probable en todos los cargos y pautó la vista adjudicativa a ser celebrada el 28 de febrero de 2005.
El 15 de febrero de 2005, la Procuradora de Menores (la Procuradora) presentó ante el foro de instancia una solicitud de renuncia de jurisdicción en interés de J.M.A. Basó su petición en que al aludido menor, quien era mayor de 15 años, se le había determinado causa probable por faltas Clase II. Además, presentó ese día una moción solicitando la evaluación de éste por la Trabajadora Social Alicia Cruz, quien representaba al Ministerio Público y sería testigo en dicha vista. Se fundamentó en que tal evaluación era indispensable para rendir el informe correspondiente para la vista de renuncia de jurisdicción. 
Mientras, el 10 de febrero de 2005, el TPI dejó sin efecto la vista adjudicativa previamente señalada y la adelantó para el 22 del mismo mes y año. Ese día, el recurrido solicitó la suspensión de la vista debido a que su madre no había sido debidamente notificada. Adujo que como ésta era parte indispensable, no se podían discutir las mociones del Ministerio Público. No obstante, manifestó su oposición a las mismas y solicitó, en la alternativa, que al momento de ser evaluado por la aludida trabajadora social pudiera estar acompañado de su representación legal.
Surge de los autos que también en dicha vista, el recurrido le informó al Ministerio Público que había presentado una moción oponiéndose a la evaluación solicitada. A pesar de no haber recibido copia de la misma, éste la replicó. Luego de una conferencia en el estrado, el TPI permitió el examen solicitado por el Procurador de Menores y la evaluación del menor por parte de los peritos del Ministerio Público, pero con la *128 presencia de su representante legal y con el mismo alcance que “una deposición o una declaración jurada.” 
Inconforme con la mencionada determinación, el 4 de abril de 2005, el Pueblo acudió ante nos mediante el recurso de certiorari de autos. Indicó que el TPI cometió el siguiente error: 

“Erró el Honorable Tribunal de Primera Instancia de Puerto Rico, Sala de Menores de San Juan, al ordenar la presencia de la representación legal del menor durante la evaluación del mismo por los profesionales de salud del Departamento de Justicia. ”

En dicho escrito, expresa que la vista de renuncia de jurisdicción es un procedimiento dispositivo y no adjudicativo. Arguye que el propósito de la entrevista a ser realizada por el profesional de la salud es ayudar al TPI en su determinación sobre si J.M.A. se mantiene o no bajo la jurisdicción de la Sala de Asuntos de Menores y que los informes sometidos por dichos profesionales no representan una violación al derecho constitucional a no autoincriminarse. Añade que es norma establecida que el derecho a tener asistencia de abogado sólo se extiende a etapas críticas del proceso y para delitos que conlleven pena de prisión y que, por ende, existen etapas dentro del procedimiento criminal en las cuales no existe tal derecho. Concluye que la presencia de la representación legal del menor en la evaluación ordenada podría ser altamente perjudicial a los intereses de éste. Ello, porque podría provocar que el menor entendiese que se encuentra en un proceso adversativo y que actúe de manera defensiva o agitada, induciendo al profesional de la salud a tener una “percepción desvirtuada de la verdadera personalidad y características del menor.” 
Así las cosas, el 13 de abril de 2005, el Pueblo compareció nuevamente mediante una moción en auxilio de jurisdicción. Adujo que en vista de la proximidad de la fecha pautada para la vista de renuncia de jurisdicción y del hecho de que aún no se había efectuado la evaluación en controversia, resultaba necesario que este Foro ordenara la paralización de los procedimientos ante el TPI, ya que el recurso podría tornarse académico. Ese día, luego de analizar detenidamente la aludida moción, emitimos una resolución paralizando los procedimientos y le concedimos al recurrido hasta el 20 de abril de 2005 a las 12:00 del mediodía para que expusiera su posición.
Después de una prórroga al efecto, el 22 de abril de 2005, el recurrido presentó su oposición al recurso de autos. Argüyó que aunque en los Estados Unidos se ha resuelto que un acusado no tiene derecho a que su representación legal esté presente en las evaluaciones que se le hagan cuando éstas no van dirigidas a establecer su inocencia o culpabilidad, ello aplica únicamente a los casos en que dichas pruebas son realizadas por personas neutrales designadas por el tribunal. Por ello sostuvo que en este caso, por ser la perito que evaluaría al menor una trabajadora social del Estado, la presencia del abogado del menor era necesaria.
Teniendo el beneficio de las posiciones de las partes, procedemos a resolver el recurso.
II
El derecho a la asistencia de abogado emana de la Sección 11 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico, al igual que de la Enmienda Sexta a la Constitución de los Estados Unidos. Const. E.L.A. Art. II, § 11; Const. E.U. enmienda VI. Estas garantizan al acusado la asistencia de abogado en los procedimientos criminales. Este derecho, además, es parte fundamental del debido proceso de ley. Pueblo v. Ortiz Couvertier, 132 D.P.R. 883, 887 (1993).
El mandato constitucional es claro e inequívoco a los efectos de que todo imputado de delito tiene derecho a tener asistencia de abogado en todo proceso criminal que se lleve en su contra. Esta garantía abarca dos aspectos fundamentales, a saber: (i) el derecho a contar con una representación adecuada y efectiva, y (ii) el derecho a que el Estado provea representación legal gratuita en casos de indigencia. El derecho a tener representación legal en casos criminales se ha consagrado como parte fundamental de la cláusula del debido proceso de ley. In re: García Muñoz, 2003 J.T.S, 177, citando a In re: Rodríguez Santiago, 2002 J.T.S. 78; Ramos Acevedo v. Tribunal *129 Superior, 133 D.P.R. 599, 609 (1993); Pueblo v. Moreno González, 115 D.P.R. 298, 306 (1984); Pueblo v. Gordon, 113 D.P.R. 106, 108 (1982).
En reiteradas ocasiones, el Tribunal Supremo ha establecido que el derecho a la representación legal sólo existe en etapas críticas del proceso. Pueblo en interés J.L.D.R., 114 D.P.R. 497 (1983); Pueblo ex rel. F.B.M., 112 D.P.R. 250 (1982). Véase también, Gilbert v. California, 388 U.S. 263 (1967); United States v. Wade, 388 U. S. 218 (1967). Asimismo, en todo proceso criminal, el tribunal vendrá obligado a informarle al acusado de su derecho a asistencia de abogado y que si el acusado interesa tener representación legal, y no cuenta con los medios para pagarla, el tribunal, sin costo alguno, designará un abogado que lo represente. 
El criterio rector para determinar la necesidad de asistencia de abogado en las etapas anteriores al juicio es la posibilidad real de que se le pueda causar un peijuicio sustancial al acusado. Es necesario escudriñar las circunstancias que rodean la confrontación que ha tenido lugar y sus frutos. Pueblo v. Adorno Cabrera, 133 D.P. R. 839, 856 (1993). El derecho a la adecuada asistencia de abogado de un acusado no depende de si éste es o no indigente, ni de si el abogado fue contratado o designado por el tribunal. Pueblo v. Ortiz Couvertier, supra, a la pág. 892.
Por otro lado, “La Ley de Menores de Puerto Rico, Ley Num. 88 de 9 de julio de 1986 (34 L.P.R.A. see. 2201 y ss.), parte de un criterio filosófico ecléctico por el cual armoniza la responsabilidad de parens patriae del Estado en cuanto a la rehabilitación de los menores ofensores y la responsabilidad de éstos por sus actos. De conformidad con esa visión, el estatuto utiliza el enfoque de quantum de responsabilidad para excluir a los menores que realizan un acto de tal naturaleza que, en unión a una serie de circunstancias, hace imprescindible que respondan ante las autoridades con todo su rigor. Véase J.L. Moran, Sistema de justicia juvenil, exclusión de jurisdicción, renuncia de jurisdicción, 49 Rev. C. Abo. P.R. 105 (1988).” Pueblo en interés del menor R.H.M., 126 D.P.R. 404, 409-410 (1990).
El Tribunal Supremo reiteradamente ha sostenido que los procedimientos relativos a los menores y los procesos penales aplicables a los adultos son procedimientos separados. Asimismo, amparándose en el Art. 11 de la referida ley, ha señalado que los procedimientos de menores no son de naturaleza criminal, sino que son sui generis. Pueblo ex rel. J.L.D.R., 114 D.P.R. 497 (1983).
La interpretación de la Ley de Menores vigente, según se dispone expresamente en ésta, debe regirse teniendo en cuenta los siguientes propósitos: “(a) proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad; (b) proteger el interés público tratando a los menores como personas necesitadas de supervisión, cuidado y tratamiento, a la vez que se le exige responsabilidad por sus actos; y (c) garantizar a todo menor un trato justo, el debido procedimiento de ley y el reconocimiento de sus derechos constitucionales.” 
Obviamente, el propósito de la actual ley está enmarcado en la comente filosófica proteccionista. Es decir, “...en armonía con la noción tradicional que sostiene que el menor carece de un desarrollo biológico completo en términos de su sistema endocrino y neurológico, y no ha adquirido madurez mental plena, por lo que debe dársele un trato rehabilitador por parte del Estado cuando incurre en conducta delictiva. ” Además, queda protegido el interés de la comunidad al exigirle responsabilidad al menor si sus actos han infringido las leyes penales. Si bien el procedimiento continúa siendo sui generis, éste ha adquirido matices de naturaleza punitiva que lo alejan del propósito meramente rehabilitador y paternalista de la antigua ley. Pueblo en interés menor R.G. G, 123 D.P.R. 443 (1989).
La renuncia de jurisdicción fue establecida con el propósito de excluir de la aplicación de la Ley de Menores a aquellos menores a los que se le imputaran faltas de tal magnitud o seriedad que, en unión a otras circunstancias, harían imposible su rehabilitación o imprescindible que éstos fuesen juzgados como adultos. El Art. 15 de la *130 Ley de Menores dispone lo siguiente:

“Solicitud por Procurador. El tribunal, a solicitud del Procurador, podrá renunciar la jurisdicción sobre un menor que sea mayor de catorce (14) años y menor de dieciocho (18) años, a quien se le impute la comisión de cualquier falta Clase II o III. El Procurador deberá efectuar dicha solicitud mediante moción fundamentada cuando considere que entender en el caso bajo las disposiciones de este capítulo no responderá a los mejores intereses del menor y de la comunidad.

El Procurador podrá promover la solicitud cuando, previa determinación de causa probable, se le impute al menor una de las siguientes faltas: violación, robo, secuestro, mutilación, sodomía, escalamiento agravado y agresión agravada en su modalidad de delito grave.

El Procurador deberá promover la solicitud de renuncia de jurisdicción en los siguientes casos:

(1) Cuando se impute a un menor que sea mayor de catorce (14) años la comisión de hechos constitutivos de asesinato en la modalidad que está bajo la autoridad del tribunal.

(2) Cuando se impute al menor una falta Clase II o III y se le hubiera adjudicado previamente una falta Clase II o III, incurrida entre los catorce (14) y dieciocho (18) años.

El Procurador vendrá obligado a advertir al tribunal la falta de jurisdicción cuando se trata de aquellos casos excluidos de su autoridad por disposición expresa de este capítulo.

(b) Vista. El tribunal, previa notificación, celebrará una vista de renuncia de jurisdicción.

(c) Factores a considerar. Para determinar la procedencia de la renuncia a que se refiere el inciso (a) de esta sección, el tribunal examinará los siguientes factores:

(1) Naturaleza de la falta que se imputa al menor y las circunstancias que la rodearon.

(2) Historial legal previo del menor, si alguno.

(3) Historial social del menor.

(4) Si el historial socioemocional y sus actitudes hacia la autoridad hacen necesario establecer controles respecto a su comportamiento que no se le puedan ofrecer en los centros de custodia o en las instituciones de tratamiento social a disposición del tribunal. ” (Énfasis nuestro) 
El Tribunal Supremo de Puerto Rico ha resuelto que la vista de renuncia de jurisdicción es una etapa crítica del procedimiento en la cual se traslada a un menor de una jurisdicción, cuyo fin es rehabilitador, a otra en la que puede perder la libertad por un tiempo prolongado y cuyo fin es punitivo. No obstante, también ha señalado que esta vista "... no constituye ni prejuzga la vista en su fondo por la falta imputada o el juicio criminal ordinario. Aunque el procedimiento es dispositivo, no es adjudicativo de unos hechos ni les imparte estigma negativo que afecte sus derechos a un juicio justo e imparcial. ” Pueblo en interés menor R.H.M., 126 D.P.R. 404, 423 (1990), citando a State v. Piche, 442 P.2d 632, 635 (Wash. 1968), y a S. Davis, Rights of Juveniles, 2da ed., Nueva York, Ed. Clark Boardman Co., See. 4.20(1); R.A.M. v. Tribunal Superior, 102 D.P.R. 270 (1974).
Cónsono con dichas expresiones, el Tribunal Supremo ha sostenido que las evaluaciones psiquiátricas, sicológicas y de trabajo social son herramientas que ayudan al juez a determinar si mantiene o no al menor bajo la jurisdicción del Tribunal de Menores. Así, ha determinado que “[tjales informes no representan una violación al *131 derecho constitucional a no incriminarse, debido a que éstos giran en tomo a las actitudes, emociones y sensaciones de la personalidad del menor que no están directamente relacionadas con los hechos específicos por los cuales ha de ser juzgado. ” Pueblo en interés menor R.H.M., supra, a la pág. 425.
En cuanto al derecho a la debida asistencia de abogado en los procesos de menores, el Artículo 6 de la Ley de Menores establece que “[e]n todo procedimiento, el menor tendrá derecho a estar representado por abogado, y de carecer de medios económicos, el tribunal deberá asignarle uno....”. No obstante, dicha disposición no resuelve la interrogante de si un menor tiene derecho a que su representación legal esté presente durante la evaluación que le reahce algún perito de la conducta humana para los efectos de la vista de renuncia de jurisdicción.
A pesar de que el referido artículo utiliza la frase “en todo procedimiento”, ésta no debe interpretarse como que un menor siempre tiene que estar representado por abogado durante todo trámite sin importar el propósito de éste. Nuestra percepción queda avalada por la interpretación del Tribunal Supremo, aunque bajo el crisol de la antigua Ley de Menores, en cuanto a que “[l]os procedimientos de menores, en su etapa adjudicativa, deben revestirse de aquellas salvaguardas y garantías de la libertad individual reconocidas por nuestra Carta de Derechos (Art. II, Sec. 11 déla Constitución del Estado Libre Asociado de Puerto Rico), que no desnaturalicen el procedimiento especial su generis y los propósitos de la Ley de Menores. ” (Énfasis en el original y suplido.) Ciertamente, esta diferenciación entre etapas adjudicativas y no adjudicativas nos lleva indudablemente a analizar y resolver si las evaluaciones en controversia son etapas críticas del procedimiento de menores, pevio a dilucidar si en éstas existe el derecho a estar asistido por abogado. Veamos.
La doctrina y la jurisprudencia estatal y federal relativas a la controversia de autos son conflictivas. Por un lado, algunas jurisdicciones han sostenido que las evaluaciones psiquiátricas de acusados ordenadas por los tribunales o aprobadas por éstos, son etapas críticas del proceso criminal, por lo que, por mandato constitucional, se requiere la presencia de su representante legal. Por el contrario, existen otras jurisdicciones que han resuelto que las evaluaciones antes mencionadas no constituyen una etapa crítica del proceso criminal y, por ende, el acusado no tiene,derecho a que su abogado esté presente en ellas. 
Advertimos, por su valor persuasivo, la decisión del Tribunal de Apelaciones Criminales de Texas en el caso de Raymond Hidalgo, Jr. En dicho caso, la Corte de Menores renunció su jurisdicción sobre el menor Hidalgo utilizando, en parte, una evaluación sicológica que se le efectuó sin previa notificación a su abogado. Luego de resultar culpable de tentativa de asesinato y de ser sentenciado a cincuenta años de prisión, Hidalgo presentó una apelación en la que adujo que la falta de notificación de la referida evaluación sicológica a su abogado violó su derecho a la asistencia de abogado. En específico, alegó que, por ello, su abogado no pudo orientarlo sobre la naturaleza o propósito de dicho examen.
Interpretando el caso de Estelle v. Smith, 451 U.S. 454, 464 (1981), el Tribunal de Texas resolvió que no existía derecho a la asistencia de abogado durante la celebración de las aludidas evaluaciones. Fundamentó su decisión en que los exámenes sicológicos y psiquiátricos no constituian una etapa crítica en el procedimiento contra los menores y que tanto el mecanismo judicial de renuncia de jurisdicción como los informes sometidos después de efectuados dichos exámenes, servían un propósito neutral.
Aunque dicho tribunal resaltó que era prácticamente imposible que el profesional de la salud no auscultara hechos relativos a la alegada falta cometida por el menor o experiencias criminales anteriores de éste durante su evaluación, resolvió que tales cuestionamientos eran permisibles mientras no forzaran al menor a proveer evidencia incriminatoria o relacionada a los hechos imputados. Precisó, finalmente, que de ocurrir esta última instancia, se estarían violando los derechos del menor a la no autoincriminación y a tener la debida asistencia de abogado.
*132 Es la contención principal del peticionario que los menores imputados de faltas no tienen derecho a la asistencia de su representación legal durante la evaluación que le realicen los profesionales de la salud del Ministerio Público para efectos de la vista de renuncia de jurisdicción. Argumenta que esta no es una etapa crítica del proceso y que permitir que el abogado de J.M.A lo asista en el aludido examen, lejos de ayudarlo, perjudicará sus intereses, ya que éste podría malinterpretar el propósito tal evaluación.
Por su paite, el recurrido arguye que si bien es cierto que en los Estados Unidos se ha resuelto que un menor no tiene derecho a estar asistido por abogado durante los exámenes que le realicen peritos nombrados por el tribunal, en el caso de autos, la situación es diferente porque la perito que los efectuaría sería designada por el Ministerio Público. Aduce que al permitir la presencia de su abogado en la mencionada evaluación, el TPI intentó evitar que, de alguna forma, se lesionaran los derechos del menor.
Antes de determinar si el menor J.M.A. tiene derecho a que su representación legal esté presente en la evaluación en controversia, debemos resolver si ésta constituye una etapa crítica del proceso sui generis que se celebra en la Sala de Asuntos de Menores. Como es sabido, el derecho a la debida asistencia de abogado está restringido a etapas críticas del proceso criminal.
Nuestro Tribunal Supremo explicó en Pueblo en interés menor R.H.M., supra, que las evaluaciones y los informes preparados para la vista de renuncia de jurisdicción giran en tomo a las actitudes, emociones y sensaciones de la personalidad del menor. Aclaró que éstas no están directamente relacionadas con los hechos específicos por los cuales ha de ser juzgado. Expresó que en vista de ello, tales evaluaciones e informes constituían herramientas que ayudaban al juez a determinar si mantenía o no al menor bajo la jurisdicción del tribunal. De este modo, resolvió que las aludidas evaluaciones e informes preparados sin la presencia de la defensa del menor y sin las debidas advertencias, no violaban la garantía constitucional a la no autoincriminación.
Aplicado dicho razonamiento al caso de autos, concluimos que las evaluaciones en controversia tampoco constituyen una etapa crítica del procedimiento de menores de tal magnitud que requiera la asistencia de abogado. Somos del criterio que aunque se podría argüir que el derecho a la no autoincriminación podría estar en riesgo de ser violado durante dicha etapa, ya el Tribunal Supremo de Puerto Rico lo ha descartado al específicamente resolver que la celebración de las mencionadas evaluaciones, sin la presencia de abogado y sin las debidas advertencias, no configuran una violación al mismo. Según esbozado por el Tribunal Supremo, el propósito neutral de tales evaluaciones, permite que éstas puedan ser efectuadas sin necesidad de que el abogado del menor esté presente y con la certeza de que durante su celebración no se violarán sus derechos fundamentales. Es necesario recordar también que tanto el derecho a la debida asistencia de abogado como el derecho a la no autoincriminación están protegidos únicamente en las etapas críticas del proceso. Al haber resuelto el Tribunal Supremo que dichas evaluaciones no son etapas críticas del proceso para propósitos del derecho a la no autoincriminación, no vemos cómo se sostendría lo opuesto respecto al derecho a la asistencia de abogado. Al tenor de lo anterior, resolvemos que en Puerto Rico los menores imputados de falta no están cobijados por el derecho a la asistencia de abogado durante las evaluaciones que se realizan en preparación para la vista de renuncia de jurisdicción, por éstas no constituir una etapa crítica del proceso.
No obstante lo antes determinado, debemos atender el reclamo del recurrido en torno a que al caso de autos no le es aplicable la norma general antes mencionada, ya que la perito que realizará la evaluación en controversia es una representante del Ministerio Público. Este sostiene que el caso de autos se debe regir por lo resuelto en Pueblo v. Pérez Velázquez, 147 D.P.R. 777 (1999). Asimismo, esgrime que el no permitir la presencia del abogado del menor durante la evaluación en controversia, podría provocar que se le viole algún derecho sustancial. No tiene razón.
En Pérez Velázquez, supra, caso criminal contra un adulto, el Tribunal Supremo resolvió que el Ministerio *133 Público no tenía derecho a que su perito evaluara al acusado cuando éste levantaba la defensa de incapacidad mental. Así, concluyó que dicha evaluación violaría el derecho del acusado a la no autoincriminación.
Comparado dicho caso con la situación de autos, forzoso es concluir que el mismo resulta inaplicable. Ciertamente, la naturaleza de los procedimientos involucrados en ambas situaciones, al igual que las etapas en las cuales se solicitan las evaluaciones periciales, son diferentes. En la vista de renuncia de jurisdicción, el Procurador tiene el peso de la prueba para establecer la necesidad de la renuncia, contrario a la vista de inimputabilidad en la cual la capacidad mental del acusado se presume. Por último, la vista de renuncia de jurisdicción no contempla la posibilidad de disponer del caso en su totalidad como permite la defensa de inimputabilidad. 
De otro lado, el planteamiento del recurrido en tomo a la posibilidad de que se le viole algún derecho sustancial durante el referido examen porque el perito es un representante del Ministerio Público no nos persuade. El hecho de que el perito que realiza la evaluación sea designado por el tribunal o aprobado por éste, como lo sería un perito del Ministerio Público, resulta inconsecuente para lograr el propósito de dichas evaluaciones. La naturaleza de las aludidas evaluaciones, según ha sido descrita por el Tribunal Supremo, y el carácter no punitivo ni adjudicativo de la vista de renuncia de jurisdicción, convierten en remota la posibilidad de la violación de los derechos del menor. No obstante, en la eventualidad de que se configure alguna violación, la cual podría ocurrir independientemente de quién realice la evaluación, el menor tendría garantizada la protección de todos sus derechos en la vista de renuncia de jurisdicción. Conforme a ello, el abogado del menor podrá presentar su planteamiento e impugnar dicha evaluación en la referida vista.
Por otra parte, debido a naturaleza personal, íntima y no adversativa de las aludidas evaluaciones, la presencia de una tercera persona durante su celebración puede limitar sustancialmente la eficacia de éstas. Como bien aLegaeL peticionario, la presencia..del_ahogado del menor puede aumentar la posibilidad de que éste perciba erróneamente que se encuentra en un proceso adversativo y, por ende, pueda asumir una actitud defensiva y contraria a sus intereses. También, existiría la posibilidad de que durante la misma el abogado pudiera objetar las preguntas que haga el perito y aconsejar al menor-entrevistado si debe contestarlas o no, lo que menoscabaría el ambiente idóneo para una evaluación sicológica.
Al tenor de todo lo anterior, concluimos que el menor J.M.A no tiene derecho a estar asistido por su abogado durante la evaluación que le realice la profesional de la salud designada por el Ministerio Público para efectos de la vista de renuncia de jurisdicción que se celebrará. Al resolver lo contrario, erró el TPI.
IV
Por los fundamentos antes expresados, se expide el auto de certiorari solicitado y se modifica la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, Asuntos de Menores, el 22 de febrero de 2005 y notificada el 3 de marzo del mismo año, únicamente a los efectos de permitir la evaluación aprobada por el TPI sin que el menor J.M.A esté acompañado por su representación legal.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones